Ella M. Stout, Administratrix of the Estate of Henry W. Stout, Deceased, Appellant, v. Robert Skinner, Appellee.

Gen. No. 9,000.

Opinion filed January 17, 1936.

SMITH & MENZIMER, of Rockford, for appellant; LISLE W. MENZIMER, of counsel.

KNIGHT & LUPTON and J. E. GOEMBEL, all of Rockford, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

Ella M. Stout as administratrix of the estate of Henry W. Stout, deceased, filed a complaint at law in the circuit court of Winnebago county, against Robert Skinner, to recover damages for the alleged and wrongful death of Henry W. Stout who was the husband of the plaintiff.

The declaration consists of four counts. The first count charges the defendant with the careless and negligent operation of an automobile because of which the deceased was struck by said automobile and died as a result of the injuries so received. The second count is similar to the first, and differs only in that it alleges the operation of the automobile by the defendant, at an excessive rate of speed. Both of these counts aver that the deceased at the time of the accident was in the exercise of ordinary care for his own safety. The third count charges wilful, wanton and reckless conduct on the part of the defendant in the operation of the auto-

mobile. The fourth count charges that the wilful and wanton conduct of the defendant consisted of driving the automobile at an excessive rate of speed. The defendant filed an answer denying any negligence or that he was guilty of wilful and wanton conduct.

At the close of the plaintiff's case the defendant entered a motion that the court instruct the jury to find the defendant not guilty and submitted and the court gave an instruction to that effect. The jury found for the defendant as instructed by the court and upon this verdict the court entered a judgment. A motion for a new trial and for arrest of judgment was overruled and the case is brought to this court on appeal.

The evidence tends to show that on April 6, 1934, Henry W. Stout was employed at the Atwood Vacuum Machine Company at Rockford, Illinois. Shortly after midnight and soon after he had finished his work he went to a tavern located about one and one-half blocks south of the place of his employment, on North Main street in Rockford, Illinois. He was there a short time, then went outside but very soon returned. Three of his fellow workmen were also at the tavern and he told them that he could not start his car. He stated to them that if they were ready to go home he would take them if they would help him start his car, which was parked outside. The four men went outside and attempted to start the car. The battery was down and they were unsuccessful in getting it started. They decided to push it south on North Main street to a garage six or seven blocks away. Henry W. Stout, the deceased, was guiding the automobile and the other three men were pushing it from the rear. They proceeded along Main street in a southerly direction close to the right-hand curb of the street. After they had traveled some distance Henry W. Stout requested one of the other men to take the wheel, and guide the car stating that he would push awhile. While Stout was helping push the car and was

walking at, or just back of the left-hand rear fender, another car driven by the defendant crashed into them from the rear. The force of the impact severed one of the legs of Mr. Stout just below the knee. He died a half hour later from loss of blood and shock. He also received other contusions and lacerations on his face. Mr. Ted. Latham who was pushing in the center at the rear also received injuries which resulted in his death.

There is evidence tending to show the condition which existed at the time of the collision, the width of the street, the height of the curb, whether there was a curve in the road and the number and type of the houses which were on either side of the street. It is not necessary to make a statement of these facts in this opinion.

In overruling the motion for a new trial, the court said as follows: "In the argument on the motion for new trial it is contended by counsel for plaintiff that the deceased had the same right to push his car along the right-hand side of the paved street that a driver of an automobile had. This may be true, but each case is governed by its own circumstances—there being at least, and I don't know, but four in the party—the deceased being the owner of the car—knowing that there were no lights being shown, there was upon the deceased a greater demand for the exercise of ordinary care than would be under other circumstances. If he saw fit to assume the danger of someone coming behind, without any lights to give any warning, there were additional responsibilities thrown upon him to meet the circumstances. My opinion is that he should have been on the other side of the pavement—the deceased should. The statute which provides that a pedestrian shall walk on the left side of the paved highway is evidently calculated to require that for the purpose of notice and he would be facing the oncoming automobile, and unless there was something unfore-

seen he would see it, and then the statute says it is his duty to step off and let the automobile pass. In this case the deceased was walking on the cement, along with others, pushing an automobile that had no lights upon it, on a dark night, about 2:00 o'clock in the morning, and evidently was hit without his seeing the oncoming automobile or the oncoming automobile seeing him.

"MR. MENZIMER: The Court is of the opinion that he should have been pushing his automobile on the left side of the highway—that is, the deceased should have been?

"COURT: Yes; I am. As I see it, the purpose of that statute, which is of recent enactment, evidently was so that the pedestrian would see. He would be facing the oncoming traffic and he would see. If there had been no dead automobile mixed up in this case I don't think there would have been any question but what he should have been walking on the other side. Why does the pedestrian walk over there? Because the pedestrian moves so much slower than the automobile; therefore he must walk facing the traffic. The same reason would apply to a person walking and pushing an automobile. I think that is clear. Further than that, there isn't any direct evidence of any negligence on the part of the defendant. Whether or not he was going at a greater rate of speed than twenty miles an hour is not definitely shown. That argument has got to be from an inference drawn from the distance that the hit automobile ran. I don't think I'll change the ruling. Motion for new trial overruled."

From reading the above statement it is clear that the learned trial judge assumed that Mr. Stout, while pushing his automobile southward on the right side of a paved highway, was a pedestrian, and that the statute required him to walk on the other side of the street. It is our opinion that the trial court erred in

this assumption and that Stout at the time he was pushing the car was not a pedestrian as contemplated in the statute requiring pedestrians to walk on the left side of the street, approaching the oncoming traffic. If Mr. Stout and his friends had attempted to push this car in a southerly direction on the left-hand side of the street and someone approaching from the south had collided with their car it would be a serious question as to whether they would not be guilty of criminal negligence. Supposing a farmer living on the hard road should drive a team of horses from his field towards his house on the road after he had finished his work. It would be conceded by everyone that in driving his team on the hard road that he should keep on the right-hand side the same as other traffic. Instead of being a pedestrian he would be a driver, the same as though he was driving an automobile or a wagon and the statute would not require him to walk over on the left-hand side of the road. In the case of *Dickerson v. Mutual Grocery Co.*, 100 N. J. L. 118, 124 Atl. 785, the court's statement of the case is as follows: "Parker, J. (1) Plaintiff, while driving his own automobile, ran out of gasoline, and, having passed a gasoline station, decided to push the car back to it. So he gave the wheel to his wife, got out of the car and began to push it. The car had made the turn to the rear, and plaintiff was slowly pushing it toward the source of supply, when a servant of defendant, driving its car, came up behind, failed to see plaintiff's car until too late to avoid it, made an unsuccessful effort to swerve out to the left, and caught plaintiff between the front of defendant's car and the left rear mudguard of plaintiff's car. The suit was for personal injury, as the collision had caused a comminuted fracture of one leg resulting in a shortening of it and other physical injury. Plaintiff had a verdict and judgment for $5,000. It is claimed for appellant that the trial

court should have nonsuited or directed a verdict for defendant.''

The court after stating the facts, in discussing the law applicable thereto, use this language: ''But the credibility of all this was for the jury, and there re-mained for solution the indubitable situation that plaintiff, on foot, pushing a dead car, had his leg crushed against it by a following car going at a speed as testified of seven miles an hour. The view taken by our courts of this class of cases is well illustrated by three very recent decisions. . . . We see nothing in the present case to take it out of the usual rule that the finding of the facts and of the inferences of negli-gence to be drawn therefrom is for the jury.''

It is our opinion that the trial court erred in direct-ing the jury to find the defendant not guilty. It was a question of fact for the jury to decide whether plain-tiff's intestate was guilty of such contributory negli-gence as would bar the plaintiff's action. It was also a question of fact for the jury to decide whether the defendant was guilty of such wanton and wilful con-duct as to cause the injury which resulted in the plain-tiff's intestate's death, and should therefore be made to respond in damages for such conduct.

The judgment of the circuit court of Winnebago county is hereby reversed and the case remanded.

*Reversed and remanded.*