CARLSEN, Respondent, vs. HARDWARE MUTUAL CASUALTY
COMPANY, Appellant.

*September 13—October 11, 1949.*

408

For the appellant there was a brief by *Davis & Davis* of Hayward, and oral argument by *V. P. Davis*.

For the respondent there was a brief by *Douglas & Omernik* of Spooner, and oral argument by *Glenn R. Douglas*.

MARTIN, J.   The issues in this case are whether there is sufficient credible evidence to support the jury's verdict, (1) that the deceased driver, Harvey Vincent, was negligent as to management and control; (2) that the deceased drove his automobile on the southerly half of the highway immediately prior to and at the time of the accident; and (3) that the plaintiff, Conrad Carlsen, was not negligent in failing to yield the right of way.   They will be discussed in that order.

(1) The north half of the highway on which Vincent was supposed to be traveling was covered with from four to six inches of loose snow. There was considerable travel on this portion of the highway and there were a number of car and truck tracks in the loose snow.

Mrs. Carlsen, wife of the plaintiff, testified that Vincent came into the Club 77 after the accident and told her he had set his brakes but at that he went clear across on the other side of the road before he could stop.

Defendant's counsel objected to this testimony on the grounds that it was a conversation with a deceased person, and that Mrs. Carlsen was incompetent to testify on that subject. Defendant's brief cites no authorities for this proposition. The trial judge properly held that the testimony was admissible and should not be excluded as a transaction with a deceased person. The witness was not a party to the action and secured no direct benefits therefrom. See *Nolan v. Standard Fire Ins. Co.* (1943), 243 Wis. 30, 9 N. W. (2d) 74.

The deceased admitted to Mrs. Carlsen that he struck plaintiff. The jury had a right to believe the testimony of the plaintiff that at the time he was hit he was somewhere between six or eight feet south of the center line (which will be discussed further under (2)).

The jury had sufficient evidence to conclude that the deceased left his lane of travel on the north side of the road, crossed the center line to the point where plaintiff was struck and, therefore, was negligent in the management and control of his automobile. The jury's finding in this respect has been approved by the learned circuit judge and cannot be disturbed on appeal. *Rebholz v. Wettengel* (1933), 211 Wis. 285, 289, 248 N. W. 109.

The deceased person is entitled to the presumption of due care. However, this presumption disappears when evidence is introduced from which a jury might properly find negligence

on the part of the deceased. See *Smith v. Green Bay* (1937), 223 Wis. 427, 271 N. W. 28.

(2) Plaintiff testified that at the time he was hit he was six or eight feet south of the center line, in the act of opening the door of Mills' car. This testimony is amply supported by the evidence that plaintiff's car, the Mills' car, and the truck were on the south half of the highway, with their south wheels on the parking lot of Club 77, after plaintiff's car was pulled out of the ditch. The north wheels of the Mills' car were not far out on the black-top. Plaintiff would necessarily be in close proximity to the Mills' car in the process of opening the door, and the deceased had to operate his automobile on the south side of the highway in order to strike plaintiff. The evidence warrants the jury's finding.

(3) We cannot agree with defendant's contention that plaintiff was a pedestrian. The cars were lined up along the south shoulder of the road and an attempt was being made to unhook the chains and ropes between the vehicles so that everyone could leave the scene. Plaintiff had stepped out of his car and had only walked a distance of about eight feet to the Mills' car where he was about to open the door, and this obviously is not sufficient to make him a pedestrian and subject to the laws and regulations relating to pedestrians. The evidence related under (2) does not indicate that plaintiff violated the safety statutes by placing himself in a dangerous position. The jury was correct in finding that he was not negligent in failing to yield the right of way.

We have carefully considered all the facts and hold that there is competent and credible evidence to support the jury's findings. Consequently, these findings, which have been approved by the trial court, cannot be set aside on appeal. *Zindell v. Central Mut. Ins. Co.* (1936), 222 Wis. 575, 269 N. W. 327.

*By the Court.*—Judgment affirmed.