35286. GARLIN *v.* THOMAS.

DECIDED OCTOBER 14, 1954.

*Ingram & Tull,* for plaintiff in error.

*Chance & Pope,* contra.

FELTON, C. J. 1. Special ground 4 of the amended motion for a new trial complains that the court erred in charging: "The operator of a motor vehicle or motorcycle in motion on any public street or highway shall give due and timely warning, by using his signaling apparatus, to every person riding or driving any horse or horses, or horse-drawn or other vehicle, which he may meet or approach; and he shall likewise give due warning and reduce speed upon approaching any sharp curve, dugway, descent or other dangerous place upon such street or highway." "Movant avers that said charge was erroneous because the same was not applicable to the undisputed facts as shown by the evidence because the evidence shows that the deceased was not traveling on the highway but was an employee of the State Highway Department . . ." The charge was not erroneous for the reason assigned. The charge was a quotation of Code (Ann.) § 68-306. The first part of the charge or Code section concerning persons riding or driving horses or horse-drawn or

other vehicles clearly did not apply in the instant case and could not have been misleading to the jury. The latter part of the charge or Code section pertaining to the reduction of speed and the giving of due warning upon approaching any sharp curve, dugway, descent, or other dangerous place applies whether or not there are persons or vehicles present or traveling on the street or highway. The ground is without merit.

2. Special ground 6 complains that the following charge was error: "I charge you that when an automobile driver is approaching a pedestrian on a public highway it is the duty of the driver of the automobile to warn the pedestrian of his approach by the sounding of a horn, gong or bell, and a failure to do so would be negligence on the part of such driver of the automobile." The complaint to this charge is not that it does not state a correct principle of law, but that it was inappropriate under the facts of this case because the deceased was not traveling, or a pedestrian, on the highway at the time he was struck, but was performing his duties as a flagman for the State Highway Department. The charge is not error for the reason assigned. As used in the charge, pedestrian designates not merely a person traveling along the highway on foot. It is used to designate one class of persons as distinguished from other classes and is used to categorize that class in order that the rights and duties of one class in relation to the other classes may have a clear definition in law. As used, pedestrian includes all persons on the streets and highways on foot whether they be walking, standing still, or performing labor. Therefore, the assignment that the charge was error because the deceased was not a "pedestrian" is without merit.

3. In special ground 7 the plaintiff in error insists that the verdict of the jury should be set aside and a new trial granted because, after the jury had been out for some time, the court called them back into the courtroom and inquired of the foreman if the jury had been able to agree on a verdict. Upon being informed that they had not been able to agree, the court requested the foreman to state how the jury was divided in numbers. The foreman then replied, "Well, we haven't got that far." Then the court asked, "You haven't taken a ballot on it?" The foreman replied, "No, sir." The court then asked, "You don't

desire any further charge, or a question of law that is bothering you, is there?" The foreman replied, "It seems to be a matter of what we might ought to do about it." Then the court asked, "Is there any question of law that is dividing the jury?" The foreman then said, "Yes, sir. I think we need a little more information." Then the court asked, "On what point?" The foreman replied, "It is really the amount of insurance the boy had." ("The boy" referred to the defendant). The court then charged, "Insurance is not involved, gentlemen. You are not concerned with whether he had insurance or not, or how much. The question is whether or not the defendant is liable, and if so, what amount you think would be right to the plaintiff." Counsel for the defendant then stated to the court, "I would like to ask you to charge the jury that whether there is insurance or the amount of insurance doesn't have anything to do with it." The court replied: "I stated exactly that, Judge. They are not concerned with insurance, whether he had insurance or not, or how much. I will let you go back to your room, gentlemen, and see if you can't agree on a verdict." The plaintiff in error contends that the colloquy shows that the jury was not capable of rendering an impartial verdict.

Actually, there is really nothing on which the plaintiff in error bases his assignment of error. There is no ruling of the court adverse to him. The judge charged the jury exactly as requested by the defendant's counsel. There was no further request made by the defendant's counsel nor was there a motion for a mistrial. The ground of the motion is without merit.

4. In view of the holdings in divisions 1 and 2, the assignment of error as to another portion of the court's charge, contained in special ground 5 of the amended motion, is without merit.

5. The plaintiff in error contends that the evidence showed that the deceased was negligent in walking into the path of the defendant's automobile without warning and was the author of his own misfortune. The evidence clearly authorized the jury to find that the defendant was negligent, and that such negligence was the proximate cause of the deceased's death. The general grounds of the amended motion are without merit.

The court did not err in denying the amended motion for a new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*