483 P.2d 445

Irene A. PETERSON, Plaintiff and Respondent,

v.

CONTINENTAL CASUALTY COMPANY, a corporation, Defendant and Appellant.

No. 12187.

Supreme Court of Utah.

March 29, 1971.

2. Sec. 77–13–3(1), U.C.A.1953.

Ellett, J., dissented and filed opinion.

Thomas S. Taylor, of Christensen, Taylor & Moody, Provo, for defendant-appellant.

Tex R. Olsen, of Olsen & Chamberlain, Richfield, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from what was labeled a summary judgment for plaintiff which actually was a judgment on all available facts, under an insurance policy covering injury "sustained in consequence of being struck by any land conveyance *while a pedestrian.*" Affirmed, with costs to plaintiff.

Believable evidence elicited under the discovery process indicates that plaintiff's farmer husband was crushed by a tractor that, driverless, had rolled down a rise, all of which occurred on his private property.

The only question is whether the deceased was a "pedestrian" under the terms of the policy. The trial court said he was, —a conclusion with which we agree,—no one questioning the fact that the tractor was a "land conveyance," and it appearing that the vehicle, out of gear, simply traveled downhill as mentioned, and quite obviously ran over the deceased.

Appellant indulges a non sequitur by assuming that coverage under the policy is conditioned on a pedestrian's traveling some place on a public way. The insurance policy could have spelled out such a condition precedent, but it didn't. To say that a pedestrian is not a pedestrian if he stops walking is disconsonant with realism and the common connotation of the term. A lot of pedestrians, as we think of them, many times are injured after they have stopped walking—but they are nonetheless

on foot. The word "pedestrian" itself etymologically refers to the foot, or pedal extremity.

Appellant urges that the trial court lent credence to the definition of "pedestrian" found in the Motor Vehicle Code: "Any person afoot," and hence erred since such definition does not square with the Black Law Dictionary version of "pedestrian" as being "A person traveling on foot,"—reasoning that a pedestrian must be one in motion and that consequently the policy was inapplicable to a "man working on and about an idling farm tractor located on his private property." It seems to us that the distinction is more forensic than substantive, and it appears to be unrealistic to conclude that the policy would not cover a case where a man, for example, having walked home from work, having walked through his gate and having stopped to take the mail from the mailbox, was injured by a "land conveyance" but would cover a case where, if while still walking he had retrieved the mail before opening his gate.

We believe and hold that under a reasonable interpretation of what we think is a fairly certain word of rather common connotation, applied to the circumstances of this particular case, the deceased was a "pedestrian" and his death was covered by the terms of the policy.

CALLISTER, C. J., and TUCKETT, and CROCKETT, JJ., concur.

ELLETT, Justice (dissenting).

I dissent. The husband of the plaintiff was found dead in his barnyard under the left rear wheel of his farm tractor. The motor was running, and the machine was in neutral gear. At the time the deceased was found, he had a pair of pliers in one hand and an iron bar in the other. He had intended to drive his tractor over to the home of a neighbor, where he was to pick up a grain drill. There were some of his tracks on the ground on the left-hand side of the tractor. The gear mechanism could not be manipulated by one standing on the ground on the left-hand side of the machine. The ground sloped downward ahead of the tractor.

If the deceased was killed by being run over by a land conveyance while a *pedestrian*, then the plaintiff would be entitled to an additional sum of $10,000 under a policy of insurance written by the defendant.

I cannot believe that the deceased was a *pedestrian* within the meaning of the terms of the policy. If he were a pedestrian, then so would every mechanic working in a private garage be one. A motorist who is killed while changing a flat tire beside the highway would likewise be a pedestrian. I just cannot believe that the policy was intended to cover such situations.

In the Motor Vehicle Code, which has to do with traffic, a pedestrian is defined as

any person afoot. Section 41–6–6(d), U.C.A. 1953. The idea of travel is inherent in the definition. The New Twentieth Century Dictionary defines the word as "one who walks or journeys on foot." Black's Law Dictionary says it is "a person traveling on foot."

The following cases seem to me to throw some light on the meaning of the word "pedestrian":

In Stout v. Skinner, 283 Ill.App. 330, the deceased was pushing his automobile because it would not start. The court held that he was not a pedestrian.

In Carlsen v. Hardware Mut. Casualty Co., 255 Wis. 407, 39 N.W.2d 442 (1949), the plaintiff was struck by a car when he left his automobile to thank another motorist for pulling him out of a ditch. The Supreme Court of Wisconsin held that the plaintiff was not a pedestrian.

In Gooschin v. Ladd, 177 Wash. 625, 33 P.2d 653 (1934), the plaintiff's car was stuck in the mud to one side of the paved portion of the highway. Another motorist attempted to pull plaintiff's car onto the highway but the towrope broke. While plaintiff was at the left front of his car and removing the broken towrope, the defendant drove his automobile into the plaintiff. It was held that the plaintiff was not a pedestrian.

The plaintiff in the instant case had the burden of proving by a preponderance of the evidence that the deceased was a pedestrian when he lost his life. This she did not do.

Therefore, I would reverse the judgment entered and remand the matter with directions to dismiss the complaint of the plaintiff.