Fundamentally, this action, one of first impression in this state, presents for determination the following questions: (1) May a party injured through the negligence of an uninsured motorist maintain a tort action against that motorist although the injured party is unable to satisfy the criteria required in General Statutes § 38-323, a section of the so-called "no-fault motor vehicle insurance *Page 230 
law"?[1] (2) If the injured party is precluded from maintaining that action, does that inability inure to the benefit of an insurer of the injured party to whom had been issued a casualty insurance policy containing the standard uninsured motorists clause as required under the law of this state? See General Statutes §§ 38-175a through 38-175e.
The plaintiff, who was involved in a two-car automobile accident, sustained personal injuries, loss of wages, and property damage, allegedly due to the negligence of the operator of a second vehicle. At the time of the occurrence a valid policy of casualty insurance containing the uninsured motorists clause was in existence. The operator of the second vehicle was uninsured. Following the accident, the plaintiff submitted to his insurer, the defendant, bills for medical expenses totaling $308.25 — below the "in excess of" $400 requisite of § 38-323 for instituting a negligence action. Lost wages amounted to $500. These "basic reparations" were paid by the defendant *Page 231 
and accepted by the plaintiff. Thereafter, the plaintiff made demand on the defendant to proceed to arbitration, claiming he was entitled to a sum over and above his "basic reparations" because the $400 rule did not apply, since the operator of the second vehicle was uninsured. The defendant has refused to arbitrate, claiming that the provision of § 38-323 requiring medical care in excess of $400 applies to an uninsured motorist and that, therefore, the defendant is armored with the same defense.
The plaintiff further contends that it is "patently clear" that the tort immunity provided by the no-fault act, in spite of the language contained in General Statutes § 38-327 (e),[2] does not benefit one who not only violates a criminal statute (General Statutes § 38-327 [d])[3] but also fails to comply with §§ 14-112 to 14-144, the Financial Responsibility Law.
The plaintiff insists that § 38-323, absolving one from a cause of action based on negligence, refers only to persons who have provided security. Citing Am. Jur.2d New Topic Service, No-Fault Insurance, § 14, page 12, the plaintiff points out that failure to maintain the required no-fault coverage *Page 232 
results, in some jurisdictions, in a forfeiture of the immunity from tort liability provided by the no-fault statute. He maintains that the "only authority" on the subject demonstrates that our legislature had not given exemption from tort liability to uninsured motorists. While the states which deny insulation from tort liability to uninsured motorists have not been named, we have perused statutes in effect in several jurisdictions.[4] A review of those statutes indicates that the statutes which have stripped the uninsured motorist of the cloak of tort immunity are precise and clear. The phraseology in the no-fault statutes of those states as cited in the footnote makes it abundantly clear that immunity was not intended for uninsured motorists. The language employed in those jurisdictions is far different from that in the statute of this state. (It is interesting to *Page 233 
note, incidentally, that Colorado has adopted, with reference to the question involved herein, a statute quite similar to ours.[5])
Pragmatically speaking, we believe that, if the legislature intended to divest the uninsured motorist of the rights afforded under § 38-323, § 38-327 (e) would have been superfluous, since in a negligence action the uninsured motorist would still be liable for damages which would, of course, encompass the same items, among others, as are included in the basic reparations benefits for which the uninsured motorist is liable under § 38-327 (e). See General Statutes § 38-319 (b), (k).[6] An assertion that the *Page 234 
uninsured motorist is not sheltered by the umbrella of immunity of § 38-323 would be inconsistent with the granting of "all of the rights" of an insurer as set forth in § 38-327 (e). While it is observed that § 38-323 refers to an owner of a vehicle who has provided security, a court is not to give absolute effect to a single section or clause of a statute, however *Page 235 
plain, if there are other provisions inconsistent with an unrestricted and liberal interpretation of that clause or section. State ex rel. Gray v. Quintilian,121 Conn. 300, 304.
With reference to the plaintiff's claim that one who has violated a statute carrying a criminal penalty should not be afforded benefits under that same law, we suggest that this is a matter which is better addressed to the legislature.
In view of the action of the General Assembly relative to granting the uninsured motorist exemption from causes of action based on negligence, under the provisions of § 38-323, and subjecting him to personal liability for basic reparations only, it is not within the function of the court to attempt a change in that policy, that being a matter with which the legislature is primarily concerned. Herald PublishingCo. v. Bill, 142 Conn. 53, 63.
 It is concluded that the uninsured motorist is personally liable only for the payment of basic reparations benefits and that since, under the policy of the plaintiff issued by the defendant, the insurer is obligated to pay only the sum of money which the insured could recover from the owner of the uninsured motor vehicle, i.e. $808.25, basic reparations, the request for an order directing arbitration is denied, and it is so ordered.