EUGENE F. NEAGLE, JR. *v.* CONNECTICUT BLUE CROSS, INC.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 928

Argued December 18, 1979—decided February 29, 1980

*Susan S. Feltus,* for the appellant (defendant).

*David H. Johnson,* for the appellee (plaintiff).

WRIGHT, J. As a result of a one-car accident, the plaintiff sustained injuries which required hospitalization and medical treatment. At the time of the accident the plaintiff owned the automobile which was involved in the accident, and was therefore required by General Statutes § 38-320 (a) to provide basic reparations (no-fault) benefits, either through self-insurance[2] or by obtaining an insurance policy which covered this loss.[3] The plaintiff failed to comply with these requirements, however, and he subsequently submitted a claim for hospitalization benefits under a medical insurance policy issued to him by the defendant. That policy contained an exclusion clause which denied benefits for expenses which were "paid, payable or required to be provided as Basic Reparations Benefits under Section 38-320 (a) of Connecticut General Statutes or similar benefits under any other no-fault automobile insurance law."[4]

Relying on that exclusion, the defendant refused to pay for the plaintiff's medical expenses, and the present lawsuit ensued. Both parties moved for summary judgment on the question of liability.[5] The trial court granted the plaintiff's motion for summary judgment, and a hearing in damages followed. The defendant now appeals, claiming that the trial court erred in granting summary judgment for the plaintiff.

---

[2] General Statutes § 38-327 (c) allows a person to provide the required coverage himself, with the approval of the insurance commissioner.

[3] General Statutes § 38-327 (b) states that the coverage may be provided "by a policy of insurance complying with this chapter . . . ."

[4] This exclusion clause is authorized by General Statutes § 38-373 (c)(1)(B).

[5] It appears from the plaintiff's complaint that the $5000 statutorily required no-fault benefits, if maintained by the plaintiff, would have covered the plaintiff's entire loss without resort to the medical insurance policy issued by the defendant.

The trial court concluded that the defendant's exclusion clause had no application where, as here, there was no "insurer," because the clause in question did not explicitly address the situation where a policyholder failed to comply with the statutory requirements. We disagree and reverse.

The defendant's policy clearly excludes benefits where coverage is "required to be provided . . . under Section 38-320 (a) of Connecticut General Statutes." The trial court concluded that this provision does not apply because there is no insurer. Since the defendant's exclusion clause nowhere mentions "insurer," the trial court's conclusion appears to be based on a reading of General Statutes § 38-320 (a) which applies the rules of that section only where the coverage is provided by an insurance company, as allowed in General Statutes § 38-327 (b). Such an application of this statute, however, is too limited. General Statutes § 38-319 (d) defines "insurer" to include a "self-insurer [as described in General Statutes § 38 327 (c)] and a person having the rights and obligations of an insurer . . . as provided by section 38-327." The only class of people the latter description fits is that described in General Statutes § 38-327 (e).[6] By his own admission the plaintiff is a member of this group and therefore an "insurer" within the meaning of General Statutes § 38-320 (a). There being an insurer, General Statutes § 38-320 (a) places the responsibility for those payments on that insurer, here the plaintiff. The exclusion clause in question specifically states that no benefits will be provided where the claimant's

[6] General Statutes § 38-327 provides, in pertinent part: "(e) An owner of a private passenger motor vehicle with respect to which security is required who fails to have such security in effect at the time of an accident shall be personally liable for the payment of basic reparations benefits. Such an owner shall have all of the rights and obligations of an insurer under this chapter . . . ."

insurer is responsible under General Statutes § 38-320 (a). Whether those payments were indeed made is irrelevant, since the exclusion addresses those "required to be provided" by the plaintiff by dint of General Statutes §§ 38-320 (a) and 38-327 (e). *Gentile v. Altermatt,* 169 Conn. 267, 301, 363 A.2d 1 (1975). For this reason the clause in question applies to exclude coverage for any benefits required to be provided under General Statutes § 38-320 (a), without regard to whether they were actually provided.

We note in conclusion that any other resolution of this issue would fly in the face of a strong public policy that owners of private passenger motor vehicles carry automobile no-fault and liability insurance. It is clear from the enactment of General Statutes § 14-112, as well as the statutes examined in this case, that the legislature intended that all drivers carry insurance to protect themselves and others in the event that injuries or damages are caused by the operation of private passenger motor vehicles on the highways of this state. The recent enactment of Public Acts 1979, No. 79-577, requiring proof of continuous insurance coverage in accord with General Statutes §§ 38-320 (a) and 38-327, evinces the legislature's firm resolve to eradicate evasion of these safeguards. Adherence to the spirit and the letter of this legislative framework requires the result we have reached today.

There is error, the judgment is set aside and the case is remanded with instruction to render judgment for the defendant.

In this opinion SHEA and BIELUCH, Js., concurred.