KATHLEEN M. PILOTTE, administratrix, *vs.* AETNA CASUALTY & SURETY COMPANY. October 30, 1981. The plaintiff appeals from an order of the Appellate Division of the District Courts dismissing a report in an insurance contract action.[1] The parties submitted the case on a "Statement of Agreed Facts," presenting purely a question of law.

---

[1] The report of the District Court judge to the Appellate Division is not included in the record appendix.

[1] Ordinarily a decision of the Appellate Division is interlocutory; a final judgment, subject to appeal of right to this court, would arise only after a de novo trial in the Superior Court that completes the proceeding. *Pupillo* v. *New England Tel. & Tel. Co.*, 381 Mass. 714, 715 (1980). *Orasz* v. *Colonial Tavern, Inc.*, 365 Mass. 131, 139-140 (1974). The parties, however, have not raised this issue, and have requested a ruling of law based on a statement of agreed facts. The decision of the Appellate Division terminated the litigation on its merits and left nothing to the judicial discretion of the trial court. *Demirdjian* v. *Star Market Co.*, 381 Mass. 778 (1980). Judicial review is thus appropriate in the posture of this case.

Kevin W. Pilotte, the plaintiff's intestate, was seated in an unregistered and uninsured vehicle stored on private property. A motor vehicle owned and operated by James P. Harrison, the insured, left the roadway, went onto the private property, and struck the stored vehicle with such impact that Kevin W. Pilotte was killed. The plaintiff, as administratrix of her husband's estate, demanded payment of $2,000 under the insurance policy that the defendant had issued to Harrison. The plaintiff claimed entitlement to the personal injury protection benefits alleging that her intestate, at the time of his death, was a "pedestrian" within the meaning of the insurance policy and G. L. c. 90, § 34A. We agree with the Appellate Division that the plaintiff's intestate was not a pedestrian when the insured's vehicle struck him and, therefore, we affirm.

The defendant's insurance policy defines a pedestrian as "a person who is walking or who is operating a bicycle, tricycle or similar vehicle, or a person on horseback or in a vehicle drawn by an animal." The term "pedestrian," as defined by the "no-fault" statute, also includes "persons operating bicycles, tricycles and similar vehicles and persons upon horseback or in vehicles drawn by horses or other draft animals." G. L. c. 90, § 34A, as amended through St. 1973, c. 806, § 4.

The term "pedestrian," from the Latin word, pedester, means one who travels on foot. See W. Skeat, Etymological Dictionary of the English Language 429-430 (1882); Webster's New Int'l Dictionary 1802-1803 (2d ed. 1959). Accord, *Mixon* v. *Atlantic Coast Line R.R.*, 380 F.2d 553, 554 n.1 (5th Cir. 1967); *Parker* v. *Birmingham Elec. Co.*, 254 Ala. 488, 493 (1950); *Jermane* v. *Forfar*, 108 Cal. App. 2d 849, 851 (1952); *Garlin* v. *Thomas*, 90 Ga. App. 835, 837 (1954); *Gary Rys.* v. *Dillon*, 228 Ind. 558, 563 (1950); *Lawson* v. *Fordyce*, 237 Iowa 28, 58 (1945); *Braswell* v. *Burrus*, 13 Md. App. 513, 517 (1971); *Maletis* v. *Portland Traction Co.*, 160 Or. 30, 36 (1938); *Peterson* v. *Continental Cas. Co.*, 25 Utah 2d 408, 410 (1971). This court has held that when a person puts her foot on the running board of a motor vehicle, she loses her status as a pedestrian. *Mendes* v. *Costa*, 326 Mass. 608, 610 (1950). A person seated inside a motor vehicle cannot be a pedestrian.

Although by statute the Legislature expanded the common meaning of "pedestrian" to include those on bicycles, tricycles, horses, or in carriages drawn by an animal, the statute was not so expanded to include those in stationary motor vehicles. Nor do we think that a motor vehicle is similar to a vehicle drawn by an animal or one moved through human effort. If the Legislature intended to include, within the definition of "pedestrian," those people inside parked motor vehicles, it would have expressed such an intent. We cannot extend the plain meaning of the terms of the statute to accomplish a result not expressed. See *Bergeron, petitioner*, 220 Mass. 472, 475 (1915). Cf. *Leonardo* v. *DeVellis*, 292 Mass. 239, 244 (1935).

*Order dismissing report affirmed.*

*Benjamin Rudner* for the plaintiff.
*Thomas F. McGuire* for the defendant.