NESBITT, Judge.
Decedent’s personal representative, Marie Nicholas, sought insurance benefits when the decedent was crushed while attempting to repair a vehicle. The trial judge found decedent was a “pedestrian,” thus entitled to coverage under the terms of his insurance policy, and awarded Nicholas benefits and attorney’s fees. We reverse the order under review.
The issue in this case is whether a policy labeled “ ‘365’ Travel Accident Insurance,” offered exclusively to members of the American Automobile Association, provided coverage for an auto mechanic working on his own car on a private lot, injured when the car slipped off its jack and crushed him. The instant policy was a single group accident insurance contract issued to the Association and offered to its Division and Club members on an optional basis. On the “ ‘365’ Travel Accident Insurance” policy was a diagram of a globe with various means of transportation circling the globe, i.e., a train, boat, car, bus and airplane. *623 The policy also contained “SEAT BELT ENDORSEMENT” providing for a 100% increase in coverage when proof is submitted that the insured was properly wearing a seat belt at the time of the accident.
The Definition of Injuries section of the policy provided for coverage for “... loss independently of sickness and all other causes,” provided such injuries fell under one of the listed modes of travel which included: 1. Scheduled Airline; 2. Common Carrier; 3. Automobile and Pedestrian.[1] Decedent’s widow claimed coverage for her husband’s accident under section 8(b): “by being struck while a pedestrian by any motor vehicle ordinarily operated on the public streets and highways.”
The terms of an insurance policy must be construed to promote a reasonable practical and sensible interpretation consistent with the intent of the parties. United States Fire Ins. Co. v. Pruess, 394 So.2d 468 (Fla. 4th DCA 1981). It is a well settled rule that a court shall not rewrite a contract of insurance extending the coverage afforded beyond that plainly set forth in the insurance contract. Oceanus Mut. Underwriting Ass’n v. Fuentes, 456 So.2d 1230 (Fla. 3d DCA 1984), review denied, 466 So.2d 217 (Fla.1985). The legal effect of a contract must be determined from the words of the entire contract and a court may not violate clear meaning to create ambiguity. Hoffman v. Robinson, 213 So.2d 267 (Fla. 3d DCA 1968).
While case law is clear that ambiguities must be construed against an insurer so as to find coverage, the rule applies only when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction; it does not allow courts to rewrite a contract, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties. St. Paul Guardian Ins. Co. v. Canterbury School, 548 So.2d 1159 (Fla. 2d DCA 1989). An isolated provision of an insurance policy cannot be considered as determinative on the issue of coverage. Rather, the “insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefore or any rider or endorsement thereto.” St. Paul Guardian, 548 So.2d at 1160 (quoting § 627.419(1), Fla.Stat. (1987).
The term “pedestrian” from the Latin word pedester, means one who travels on foot. See Pilotte v. Aetna Cas. & Sur. Co., 384 Mass. 805, 427 N.E.2d 746 (1981), citing W. Skeat, Etymological Dictionary of the English Language, 429-430 (1882); also citing Webster’s New International Dictionary 1802-1803 (2d ed. 1959). Black’s Law Dictionary 1019 (5th ed. 1979), defines a pedestrian as “[a] person traveling on foot.” The American Heritage Dictionary of the English Language 914 (2d *624 ed. 1982) defines pedestrian as [a] person traveling on foot; walker.”
The law is clear that if one interpretation of an insurance policy viewed with other provisions of the policy and its general object and scope, would lead to an absurd conclusion, that interpretation must be abandoned and one consistent with reason and probability adopted. Travelers Indem. Co. v. Milgen Dev., Inc., 297 So.2d 845 (Fla. 3d DCA), cause dismissed, 303 So.2d 334 (Fla.1974). We conclude that appellee’s definition of pedestrian summarized as any person not in a vehicle, goes beyond the object and scope of the instant policy and leads to the absurd conclusion urged by the appellee and adopted, albeit skeptically, by the trial court.
We note a number of out-of-state cases advocate a broad meaning be given the term “pedestrian.” See MFA Mut. Ins. Co. v. Government Employees Ins. Co., 785 P.2d 128 (Colo.1990) (passenger who had alighted from vehicle and leaned into vehicle to remove spare tire and was struck from behind was a pedestrian under Colorado’s personal injury protection statute); Tucker v. Fireman’s Fund Ins. Co., 308 Md. 69, 517 A.2d 730 (1986) (individual injured by a car while sitting on a stool in a parking lot attendant’s booth was pedestrian within the meaning of Maryland’s personal injury protection statute); Peterson v. Continental Cas. Co., 25 Utah 2d 408, 483 P.2d 445 (1971) (farmer was a pedestrian under terms of his policy when his driv-erless tractor in neutral gear rolled down a rise and over him). However, none of the factual incidents recited therein, are directly analogous to the instant occurrence. None of the incidents involved the specific type of insurance contracted for here. Our obligation is to look to the instant facts as compared to the instant policy.
Furthermore, a limitless definition of the term “pedestrian” has not been universally accepted. See Pilotte v. Aetna Cas. & Sur. Co., 384 Mass. at 805, 427 N.E.2d at 746 (plaintiff’s intestate, who was seated in unregistered and uninsured vehicle stored on private property when insured’s vehicle struck the vehicle and killed him, was not a “pedestrian” within the meaning of insurance policy and thus plaintiff could not recover benefits). Peterson v. Continental Cas. Co., 483 P.2d at 446 (Ellett, J. dissenting), citing Stout v. Skinner, 283 Ill.App. 330 (1936) (victim pushing his automobile because it would not start held not to be a pedestrian); Carlsen v. Hardware Mut. Cos. Co., 255 Wis. 407, 39 N.W.2d 442 (1949) (plaintiff struck by a car when he left his auto to thank another motorist for pulling him out of a ditch held not a pedestrian); Gooschin v. Ladd, 177 Wash. 625, 33 P.2d 653 (1934) (plaintiff held not a pedestrian when he was run over as he removed a broken tow rope from his car after a failed attempt at pulling the car from the mud on the side of a highway).
The trial court’s holding results in coverage for a man injured while working on his car in an empty lot. The man was not going anywhere, the car was not going anywhere. No matter how distressful the result, under the very specific facts of the instant case, we conclude that viewing the policy as a whole, its general object and scope, the word “pedestrian” and its placement in the policy, the decedent was not a pedestrian within the contract’s terms.
Accordingly, the order under review awarding benefits and fees is reversed.

. DEFINITION OF INJURIES
"Injuries” means accidental bodily injuries received while the Insured is insured under the policy which result in covered loss independently of sickness and all other causes, provided such injuries are sustained:
1. SCHEDULED AIRLINE. While, as a passenger and not as a pilot or crew member, the Insured is riding in, boarding or alighting from an aircraft operated on a regularly scheduled flight by: (a) a scheduled airline of United States registry holding a Certificate of Public Convenience and Necessity issued by the Civil Aeronautics Board of the United States, (b) a scheduled airline of foreign registry holding a certificate, license or similar authorization for scheduled air transportation by the governmental authorities having jurisdiction for civil aviation in the country of registry or (c) a transport type aircraft operated by the Military Airlift Command of the United States, the Department of National De-fence (Canada), the Department of transport (Canada) or the Royal Air Force Air Support Command of Great Britain.
2. COMMON CARRIER. While as a passenger and not as an operator or member of the crew, the Insured is riding in, boarding or alighting from any public land or water conveyance provided by a common carrier primarily for passenger service.
3. AUTOMOBILE AND PEDESTRIAN, (a) While driving, riding in, boarding or alighting from any private passenger automobile or (b) by being struck while a pedestrian by any motor vehicle ordinarily operated on the public streets and highways. A "private passenger automobile” means an automobile not licensed to carry passengers for hire and which is of the pleasure type, including (1) self-propelled motorhomes and (2) trucks with a gross vehicle weight not in excess of 8,500 pounds.