[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed August 18, 1997
On March 28, 1996, the plaintiff, Paul T. Aurelia, filed a two-count complaint seeking to collect uninsured/underinsured motorist benefits from the defendants, Town of Stratford (Stratford) and Aetna Insurance Company (Aetna). The plaintiff alleges in his complaint that while he was employed as a police officer by Stratford, a man operating a stolen vehicle struck the plaintiff while he was operating a police vehicle owned by Stratford. The plaintiff further alleges that Stratford is self-insured, and also that he was insured under a personal automobile policy issued by Aetna. The plaintiff now seeks to collect uninsured/underinsured motorist benefits pursuant to General Statutes § 38a-336, et seq.
On June 14, 1996, Stratford filed an answer and special defense. In its special defense, Stratford alleges that the plaintiffs action is barred by the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-284.
The plaintiff filed a motion to strike Stratford's special defense on July 11, 1996, on the ground that § 38a-336(f) provides an exception to the exclusivity provision of the Workers' Compensation Act. The plaintiff filed a memorandum of law in support, and a supplementary memorandum of law on August 19, 1996. Stratford filed a memorandum in opposition on August 20, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal CT Page 12632 conclusions or opinions stated in the [pleading] . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied."Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra.
215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992).
The plaintiff contends that pursuant to § 38a-336(f) his claim for uninsured/underinsured motorist benefits is not barred by the exclusivity of § 31-284. Stratford argues that because it is a self-insured municipality it does not fall within the provisions of § 38a-336.
Section 31-284 (a) provides in pertinent part that "[a]ll rights and claims between employer and employees . . . arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter, [the Workers' Compensation Act] . . ." An exception to the exclusivity of the Workers' Compensation Act is provided by § 38a-336(f) which provides that "[n]otwithstanding subsection (a) of section 31-284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage."
The Connecticut Supreme Court held that P.A. 93-297 § (1)(f), now § 38-336(f), was clarifying legislation which specifically allows an employee to recover uninsured motorist coverage benefits from his or her employer's insurer. RelianceInsurance Co. v. American Casualty Insurance Co., 238 Conn. 285,291, 679 A.2d 925 (1996). However, the court expressly stated that it need not determine the effect of § 38a-336(f) on self-insured employers. Id., 289 n. 4.
Stratford maintains that as it is self-insured it cannot be a named insured within the meaning of § 36a-336(f), and therefore, according to Bouley v. Norwich 222 Conn. 744,610 A.2d 1245 (1992), is encompassed within the exclusivity provision of the Workers' Compensation Act. Nevertheless, the court in Bouley
CT Page 12633 declined to treat a self-insured municipality differently from one covered by a liability insurance policy because such a holding would "impinge on their statutory right to be self-insured and upon the exclusivity of the Workers' Compensation Act." Id., 764. Reading § 38a-336(f) to allow an employee to collect uninsured/underinsured motorist benefits from an employer with liability insurance but to deny such benefits to an employee of a self-insured employer would create the very distinction that the court in Bouley rejected.
Furthermore, General Statutes § 38a-371(c) requires a continuing undertaking by a self-insured party to perform all of the obligations imposed by § 38a-371. Among the obligations of § 38a-371 is to provide and continuously maintain security in accordance with §§ 38a-334 to 38a-343, which includes §38a-336(f). Section 38a-371 expressly requires that a self-insured municipality provide the same benefits as those that are required under a policy of insurance. Accordingly, the plaintiffs motion to strike Stratford's special defense is granted.
Moran, J.