[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for a declaratory judgment. The plaintiff insurance company seeks a declaratory judgment that an automobile insurance policy issued to two of the defendants, Donald and Donna Merrian, does not provide liability coverage to them for any claim for bodily injury that may have been sustained by the third defendant, Jennifer Madigan, as a result of an automobile accident in Connecticut. The facts were presented in the form of a stipulation and a response to an inquiry by the court. The issue presented is whether, in the circumstances of this case, a policy issued in Florida must be construed to provide such minimum coverage for claims of bodily injury as are required under Connecticut financial responsibility law.
The underlying facts are not complex. Donald Merrian, a resident of Florida, purchased an automobile insurance policy from the plaintiff Infinity Insurance Company with effective dates of coverage of May 9, 1996, to November 9, 1996. Merrian was involved in an automobile accident in Connecticut on August 2, 1996; the defendant Jennifer Madigan owned and operated the other car involved in the accident. Merrian was operating at the time of the accident a motor vehicle specifically covered under the policy. Madigan has brought a civil action against Merrian in Superior Court in Connecticut. Infinity has apparently either denied coverage or is defending under a reservation of rights, and this action seeks a declaratory judgment to the effect that there is no obligation on Infinity's part to defend or to indemnify Merrian.
The policy issued to Merrian by Infinity was, by its terms, a "Florida Personal Car Policy." Merrian was a Florida resident, the insured vehicle was registered and principally garaged in Florida, and Infinity was duly licensed to transact business in Florida and in Connecticut. The declarations page of the policy indicates that liability coverage for property damage only was purchased; the policy also included coverage for first party personal injury protection and there is collision coverage. There CT Page 2964 expressly was no coverage for bodily injury liability to third parties.
As a threshold matter, in the circumstances of this case Florida law applies as to any issues concerning construction or interpretation of the policy. See, e.g., Breen v. Aetna Casualty Surety Co., 153 Conn. 633, 637 (1966); Glens Falls InsuranceCo. v. Sybalsky, 46 Conn. App. 313, 316 (1997); Wllliams v. StateFarm Mutual Automobile Ins. Co., 229 Conn. 359, 366 (1994);Everett v. Gray, 21 Conn. L. Rptr. 545 (Lager, J., 1997). Although it is true that where a policy is written and issued in one jurisdiction but it is to have its primary operative effect in another, the law of the latter jurisdiction may govern, seePajor v. Wallingford, 47 Conn. App. 365 (1997); Breen v. AetnaCasualty Surety Co., supra, it is found as an inference from the stipulation of facts that Merrian's presence in Connecticut at the time of the accident was fortuitous and the only jurisdiction with significant contacts with the contract of insurance is Florida.
As the language of the policy is clear and unambiguous, it will be accorded its ordinary and plain meaning. See, e.g., AAALife Insurance Co. v. Nicolas, 603 So.2d 622, 623 (Fla.App. 3d District, 1992). Although it is clear beyond peradventure that this policy could not lawfully have been written in Connecticut, the policy appears to comply with Florida law.[1]
Because the policy in question does not provide coverage for third party bodily injury liability in Florida, the next inquiry is whether any clause might be construed to provide coverage for bodily injury liability to third parties when the car is being operated in another state. Many policies contain protean coverages which explicitly provide for changing amounts of coverage in order to conform to the minimum financial responsibility requirements of each jurisdiction in which the car may be driven. The policy in issue does state that if the policy provides for bodily injury liability insurance, and if the insured is traveling in a state which has compulsory motor vehicle insurance requirements for nonresidents, then the policy will automatically provide the required amounts of coverage. If the policy provides only for property damage liability coverage, however, the policy expressly states that it will not provide bodily injury liability coverage required by any other state.[2] There is, then, no coverage under this provision of the policy, because the policy does not provide for bodily injury CT Page 2965 liability coverage in any state.
The only remaining clause of the policy which conceivably could provide bodily injury coverage for a Connecticut accident is the "Conformity with State Financial Responsibility Laws" clause.[3] That clause states that if Infinity certifies, typically to a state insurance commissioner, that a policy conforms to a state financial responsibility law, then the policy will be deemed to comply with the minimum coverages required by that state's law. A Connecticut statute, § 38a-372,[4]
requires every insurance company authorized to transact automobile liability insurance business in this state to file with the commissioner of insurance a form declaring that its policies shall be deemed to provide the security provided by § 38a-371 of the General Statutes, which includes, by incorporation, bodily injury liability coverage of no less than $20,000 per person and $40,000 per accident.
After argument, I inquired of the parties whether Infinity had, pursuant to § 38a-372, so certified the policy in question, and Infinity supplied an affidavit, duly executed, which stated that Infinity had not so certified pursuant to §38a-372 of the General Statutes. Rather, according to the affidavit, when Infinity wishes to sell a particular insurance policy in Connecticut, it submits such policy to the commissioner for approval; after approval, it offers such policy to people whose vehicles are registered or principally garaged in Connecticut.
An argument could be advanced in favor of a syllogism to the effect that § 38a-372 requires that an insurer which transacts business in Connecticut must file a statement to the effect that its policies shall be deemed to provide minimum coverage as required by Connecticut law, that Infinity is licensed to transact insurance business in Connecticut, and that therefore the policy should be deemed to provide Connecticut's minimum coverages. Although the syllogism has some allure, especially in light of the undoubted policy of this state in favor of minimum bodily injury liability coverage,[5] the temptation must be denied, for several reasons.
The language of § 38a-372 requires a company transacting business in Connecticut to certify that "its policies" provide the security required by § 38a-372. In context, the phrase "its policies" logically refers to policies written in the state CT Page 2966 of Connecticut. Although I have found no authority directly on point, and the parties have referred to none, I reach this conclusion for several reasons.
Our statutory scheme distinguishes between the obligations of owners and those of insurers. Section 38a-371, to which §38a-372 specifically refers, provides that the owner of a motor vehicle registered or principally garaged in Connecticut must continuously maintain security in accordance with various other statutory provisions, which include security for bodily injury liability and other liabilities. An owner of a motor vehicle not required to be registered in Connecticut is to maintain similar security while the vehicle is operated within this state "with respect to accidents occurring in this state." Sec.38a-371(a)(2). Section 38a-371(b) provides that such security may be provided by a policy of insurance. Section 38a-371 © provides that the security also may be provided by self-insurance. Sections 38a-371(d) and (e) prescribe penalties for failing to provide the required security and provide that an owner who fails to provide the required security shall have all the rights and obligations of an insurer and shall remain subject to the obligations of the Financial Responsibility Law.
The owner in this case may not have provided the security required by § 38a-371. As noted above, an owner of a vehicle not registered or principally garaged in Connecticut is free to maintain security as to such vehicles when driven in this state in a number of different ways, including, but not limited to, insurance policies. See § 38a-371(a)(2) of the General Statutes. A number of cases in this jurisdiction have recognized that owners sometimes do not provide security by means of insurance, and insurers have generally not been required to fill the breach when not so required by policy language. See Griswoldv. Union Labor Life Ins. Co., 186 Conn. 507 (1982) (health insurer may not take a credit for "no-fault" payments "payable by an insurer" when the insured fails to obtain the required no-fault coverage), cf. Neagle v. Connecticut Blue Cross, Inc.,36 Conn. Sup. 561 (App. Sess. 1980) (health insurer may take set-off where policy language provided for credit if no-fault benefits were "required to be provided" and were not so provided); Smernoff v. United States Fidelity Guaranty Co.,31 Conn. Sup. 229, 234 (1974) (uninsured motorist insurer entitled to benefit of immunity from suit where no-fault limit not reached, even though the uninsured motorist in question had not secured required minimum coverage); Nicholson v. InsuranceCT Page 2967Company of the State of Pennsylvania, 1992 Ct. Sup. 3657 (Barry, J., 1991) (the owner has the burden of maintaining required insurance coverage; insurer does not warrant that the insured has coverage), Aurelia v. Town of Stratford, 20 Conn. Law Rptr. 319,1997 Ct. Sup. 12630 (Moran, J. 1997) (self-insured has obligation to provide minimum security required by § 38a-371). Almost on point is Colonial Penn Insurance Co. v. Patriot General InsuranceCo., 1998 Ct. Sup. 7750, 22 Conn. Law Rptr. 355 (1998), in which Judge Moran held that an insurer was entitled by virtue of a "named driver exclusion endorsement" to exclude from coverage the owner of the named vehicle in the policy, despite the coverage mandates of § 38a-371 of the General Statutes. When the excluded owner drove the car and was involved in an accident, he was uninsured such that the other driver appropriately looked to his uninsured motorist insurer for benefits. Judge Moran held that it was the owner's responsibility to maintain required security, and the company was not required by § 38a-371 to provide required coverage where the parties had specifically contracted to the contrary. It is clear from an examination of the above authority, that a dichotomy between the obligations of the owner and the insurer has been maintained, and, although § 38a-372 has not been specifically construed in these contexts, courts and parties have apparently not invoked §38a-372 in an effort to compel coverage.
More directly on point, our statutory scheme as to required security has not been construed to require that policies written in other states contain the coverages required by Connecticut policies, nor have courts chosen to "reform" the policy language.Glens Falls Insurance Company v. Sybalsky, supra; Ramcke v. CignaInsurance Co., 4 Conn. Ops. 892 (Hodgson, J., 1998) (where policies written in other states did not provide coverage conforming to Connecticut's minimum requirements, the courts did not choose, in the circumstances presented, to "reform" the language of the policies to create coverage). Connecticut courts have not held that every out-of-state automobile policy must be deemed to provide the minimum coverages required by this state, even as applied to accidents occurring within this state.
The defendant Madigan[6] does not disagree with much of the above analysis. She agrees that, as written, the Infinity policy does not expressly provide bodily injury liability coverage, and her position as to Florida law does not appear to differ from that of the court. She does assert, however, that § 38a-372
requires that the court reform the language of the policy to CT Page 2968 include minimum bodily injury liability coverage, because Infinity is licensed to transact business in Connecticut. She refers to Pajor v. Town of Wallingford, 47 Conn. App. 365 (1997), for the proposition that the court has an obligation to conform a policy to the statutory requirements. This obligation is consistent with the general rubric that a contract is construed to be consistent with statutory requirements.
The general proposition is undoubtedly true, but its applicability very much depends on context. In Pajor, for example, the issue was whether payments made under a health insurance policy were to be deducted from a verdict as a collateral source. The plaintiff argued that such payments should not be deducted, because the policy provided for a right of subrogation. The language of the policy, however, was directly inconsistent with statutory "tort reform"; see, e.g., §52-225c of the General Statutes; and the contractual right of subrogation was, then, unenforceable. There was in Pajor, then, a clear conflict between the requirements of a statute and the language of the policy; the statute, of course, prevailed.
In the circumstances in this case, there is no such clear violation of a statutory mandate. Section 38a-372 of the General Statutes arguably applies only to "Connecticut" policies, covering vehicles registered or principally garaged in this state, and the language does not literally compel a broader conclusion. Infinity apparently has fulfilled its statutory duty under § 38a-372 by seeking and obtaining approval for policies which if sells in Connecticut.[7] Cases such as Breen
and Ramcke have chosen not to expand coverage beyond what is specifically required by statute or regulation. Although an expansive interpretation of § 38a-372 is possible, such that all automobile policies written anywhere by insurers who are licensed to transact motor vehicle insurance business in Connecticut are "reformed" to provide coverages required by Connecticut's financial responsibility law if an accident occurs in this state, I believe that such an expansion should be accomplished, if at all by the legislature.
Judgment is entered, then, declaring that: 1) there is no coverage for bodily injury liability in the policy; 2) Infinity has no duty to indemnify the Merrians for any liability for any claim of bodily injury arising out of the accident in question; and 3) Infinity has no duty to defend the action against the Merrians. CT Page 2969
Beach, J.