[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14647
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2011
JOHN LEY
CLERK

D. C. Docket No. 1:09-cv-23234-WMH

OFFICER JOSE R. ESTEVEZ,
individually,

Plaintiff-Appellant,

versus

NORTHERN ASSURANCE COMPANY OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 7, 2011)

Before EDMONDSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

City of Miami Police Officer Jose R. Estevez appeals the district court's denial of his motion for judgment on the pleadings, or alternatively, motion for summary judgment in an indemnity action against Northern Assurance Company of America (the Insurer). This action arises out of a collision in Biscayne Bay involving a City of Miami (the City) police boat operated by Officer Estevez and a vessel owned by Contender Fishing Team, LLC (Contender). Richard S. Sol, a passenger on the Contender vessel, filed a complaint against the City and others, including Officer Estevez seeking damages for his alleged bodily injuries sustained during the collision. The Insurer refused to defend or indemnify Officer Estevez in Sol's negligence action.

The primary issue on appeal is whether the district court erred when it found Officer Estevez was not covered under the protection and indemnity coverage section of the City's Marina Operators Legal Liability Policy (the Policy).[1] Officer Estevez contends that a plain reading of the protection and indemnity section of the Policy clearly and unambiguously requires the Insurer to defend and indemnify him for Sol's personal injury claim because (1) Estevez is an

---

[1]Because we conclude that the Policy in question is unambiguous, we need not reach the issue of whether Officer Estevez automatically wins under the Florida Rule that ambiguous insurance contracts are construed against the insurer. Furthermore, Officer Estevez's argument that extrinsic evidence is not admissible to resolve ambiguities in an insurance contract is without merit. *See Reinman, Inc. v. Preferred Mut. Ins. Co.*, 513 So. 2d 788 (Fla. 3d DCA 1987) (holding that "extrinsic evidence may be introduced to explain [an] ambiguity.").

"employee" of the City, (2) he operated a "watercraft," and (3) the operation of the City vessel was "in conjunction with normal business operations." After careful review, we affirm the district court.[2]

We review a district court's grant of summary judgment de novo. *Huff v. Dekalb County, Ga.*, 516 F.3d 1273, 1277 (11th Cir. 2008). The interpretation of disputed provisions in an insurance contract is a question of law reviewed de novo. *James River Ins. Co. V. Ground Down Eng'g, Inc.* 540 F.3d 1270, 1274 (11th Cir. 2008).

"[I]n the absence of a specific and controlling rule, the interpretation or construction of a marine insurance contract is to be determined by state law." *See All Underwriters v. Weisberg*, 222 F.3d 1309, 1313 (11th Cir. 2000). Under Florida law, "[t]he mere failure to provide a definition for a term involving coverage does not necessarily render the term ambiguous." *Jefferson Ins. Co. of New York v. Sea World of Florida, Inc.*, 586 So. 2d 95, 97 (Fla. 5th DCA 1991). Further, "[a]n isolated provision of an insurance policy cannot be considered as determinative on the issue of coverage[;] [r]ather, the 'insurance contract shall be

---

[2]A panel of this Court has recently decided the issue of whether the protection and indemnity section contained within the Policy provides coverage for the City. *See Contender Fishing Team, LLC v. City of Miami*, No. 10-10454, 2010 WL 5095873 (11th Cir. Dec. 15, 2010). The opinion in *Contender* holding that the Policy did not provide indemnity coverage for the accident in question is consistent with our decision in this case.

3

construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefore or any rider or endorsement thereto.'" *AAA Life Insurance Co. v. Nicolas*, 603 So. 2d 622, 623 (Fla. 3d DCA 1992).

Estevez first argues the phrase "normal business operations," which is not defined in the policy, includes any business the City regularly engages in. Under Florida rules of contract construction, Officer Estevez's reading of this section of the Policy is in error. When we read the entire policy, as amplified by the application,[3] we conclude that the phrase "normal business operations" clearly means "marina operations" and not other operations in which the City may happen to engage. The Policy itself is called "Marina Operators Legal Liability Policy," and the introduction to the Policy states that the Policy is one for "marina owners" and covers "marina operations." Moreover, the City listed "municipal marinas and mooring facility" on its renewal application. Under the principle that specific phrases (marina operations) govern general phrases (business operations), it is clear the phrase "normal business operations" is limited to normal marina operations. *See Pottsburg Utilities, Inc. v. Gaugharty*, 309 So. 2d 199, 201

---

[3]Although Officer Estevez argues the application is separate from the insurance contract, it is clear under Florida law that the document is part of the contract. *See* Fla. Stat. § 627.419(1); *AAA Life Insurance*, 603 So. 2d at 623.

(Fla. 1st DCA 1975) (stating "where both general and specific language [is] used in a contract, the specific language will govern where there is a conflict.")

Officer Estevez's claim that the "watercraft" referred to in the protection and indemnity section encompasses all watercraft owned or operated by the City is equally without merit. First, the declarations pages show that "5 Work Boats" are included under this provision. Further, the City knew that only listed vessels were included in the Policy, as evidenced by its request to add an additional vessel on its most recent renewal. Lastly, the City chose which subsections of protection and indemnity to include in its policy. It could have chosen to cover "other owned boats," or "rental boats," but instead, the City chose only the "work boats" and "marina operators" subsections.

Accordingly, we affirm the district court's denial of Officer Estevez's motion for judgment on the pleadings, or alternatively, motion for summary judgment.

**AFFIRMED.**