# RESCRIPT OPINIONS.

THIRD NATIONAL BANK OF HAMPDEN COUNTY *vs.* CONTINENTAL INSUR-ANCE COMPANY.* July 29, 1982. On May 25, 1978, the Third National Bank of Hampden County (bank) filed this action in the Springfield District Court against the Continental Insurance Company (Continental). The bank, alleging that Continental had failed to pay it $3,988.82 (representing proceeds of an insurance policy on a lost automobile in which the bank held a perfected security interest), sought to recover that amount on the theories of negligence and conversion. Continental brought a third-party action against Gerald F. Parker & Son, Inc. (Parker), and R. J. Saex Insurance Agency, Inc. (Saex), claiming that, if Continental was liable to the bank, Parker and Saex were liable to Continental. After a judge of the District Court found for Continental, Parker, and Saex, the bank claimed a report to the Appellate Division of the District Court, Western District.

On July 7, 1981, the Appellate Division dismissed the report, concluding that the trial judge had been correct in finding that the funds paid by Continental to the named insured (Parker), as a result of its claim for damage to the motor vehicle, were not "proceeds" within the meaning of G. L. c. 106, § 9-306 (1), as in effect at the time payment was made. See now G. L. c. 106, § 9-306, as amended by St. 1979, c. 512, § 7. The bank appealed to this court from the dismissal of its report by the Appellate Division. We dismiss the appeal.

When this action was commenced, G. L. c. 231, § 104, as appearing in St. 1975, c. 377, § 104, provided (in pertinent part) that claims for damages which do not exceed $4,000 shall be commenced in a District Court. In both counts of its complaint, the bank sought to recover only $3,988.82, plus interest at the rate of eight percent from November 21, 1975. Since interest is not considered in determining the statutory measure of the amount of damages claimed, the statute required that the bank's action be tried, in the first instance, in a District Court. *Eastman Kodak Co.* v. *Clerk of the Third Dist. Court of E. Middlesex,* 372 Mass. 232, 237-238 (1977).

General Laws c. 231, § 104, provided further that a party who would have been entitled to a trial in the Superior Court if his claim had exceeded $4,000, could, if he desired, file a claim for trial in that court within ten days after he received notice of the District Court's decision or finding.

* See opinion on rehearing, 388 Mass. 240 (1983). — REPORTER.

Neither party filed such a claim in this case. The bank, however, requested a report to the Appellate Division, as was its right. *Lubell* v. *First Nat'l Stores, Inc.*, 342 Mass. 161 (1961). After receiving notice of the decision and order of the Appellate Division, the bank had yet another opportunity to request a trial in the Superior Court. See *Fusco* v. *Springfield Republican Co.*, 367 Mass. 904, 906 (1975). The bank did not avail itself of that opportunity, attempting instead to appeal directly to this court. It was not entitled to bring its case here before proceeding to trial in the Superior Court. *Id. Orasz* v. *Colonial Tavern, Inc.*, 365 Mass. 131, 139 (1974).

The bringing of a premature appeal by the bank did not in any way prevent the operation of the law limiting its right to remove the case to the Superior Court to a period of ten days after it received notice of the decision of the Appellate Division. The bank has, therefore, lost its right to trial in the Superior Court. *Orasz* v. *Colonial Tavern, Inc., supra* at 139-140.

*Appeal dismissed.*

The case was submitted on briefs.
*Michael G. West* for the plaintiff.
*John D. Ross, Jr.,* for the defendant.