LEON R. LOCKE & another[1] vs. JOSEPH F. SLATER.

Berkshire.  May 7, 1982. — December 6, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Appellate Division: appeal, report.

An appeal from a decision of the Appellate Division was properly before this court where the plaintiffs, having elected to commence the action in the District Court, had no right of appeal to the Superior Court after disposition by the Appellate Division. [683-684]

Where this court concluded that a draft report filed fifty-six days after entry of judgment was properly dismissed and where allowance of the plaintiffs' motion to establish a second report would only present the issue whether the first draft report was correctly dismissed, this court did not consider whether the plaintiffs were entitled to have the second report established. [684-685]

A District Court clerk's failure to notify the parties by mail until July 22, 1980, of judgment which had been entered on June 20, 1980, did not extend the time for filing a request for a report beyond the maximum period provided by Dist. Mun. Cts. R. Civ. P. 64 (c) (1) (1975), and, therefore, the plaintiffs' request for a report, filed on August 15, 1980, was properly dismissed. [685-686]

CIVIL ACTION commenced in the Central Berkshire Division of the District Court Department on January 13, 1980.

A motion for judgment on the pleadings was heard by *Ferris,* J.

*Cynthia A. Spinola* for the plaintiffs.
*Michael E. MacDonald* for the defendant.

O'CONNOR, J.  This is an appeal from a decision of the Appellate Division of the District Court Department, Western District, denying the plaintiffs' petition to establish a report after judgment had entered for the defendant.  We affirm the denial of the petition.  The plaintiffs commenced

---

[1] Valida A. Locke.

this action in the District Court of Central Berkshire on January 18, 1980. The complaint alleged tortious misrepresentation and breach of warranty. The defendant moved for judgment on the pleadings, pursuant to Dist. Mun. Cts. R. Civ. P. 12 (c) (1975), on the ground that the time for bringing the action provided by the statute of limitations had expired. The motion was allowed and judgment entered on June 20, 1980. The parties were not notified of the entry of judgment until July 22, 1980. On July 24, 1980, the plaintiffs filed a motion for reconsideration, and the motion was denied on August 6, 1980.

On August 15, 1980, the plaintiffs filed (a) a motion to extend the time for filing a request for a report, and (b) a draft report, challenging the allowance of the defendant's motion for judgment on the pleadings. The motion to extend time was denied, and the draft report was dismissed, on December 11, 1980.

December 21, 1980, was a Sunday. On the following day the plaintiffs filed a second request for a report and a draft report pursuant to Dist. Mun. Cts. R. Civ. P. 64 (c) (6) (1975), this time challenging the denial of the motion for an extension of time to request the first report and challenging the dismissal of the first draft report. On March 6, 1981, no action having been taken by the motion judge on the second request for a report, the plaintiffs filed a petition for its establishment. The Appellate Division denied the petition, partially on the ground that the petition to establish the report was incorrect procedure, and partially on the ground that the first draft report had been correctly dismissed. The plaintiffs appeal from the action of the Appellate Division.

1. *Propriety of Appeal.*

We first address the question whether the appeal is properly here. General Laws c. 231, § 109, provides that an appeal to the Supreme Judicial Court shall lie from the final decision of the Appellate Division of any District Court. "The test of the finality of a decision is whether it terminates the litigation on its merits, directs what judgment shall be entered and leaves nothing to the judicial discretion of the

trial court." *Hudson* v. *Massachusetts Property Ins. Underwriting Ass'n,* 386 Mass. 450, 452 n.2 (1982), quoting *Real Property Co.* v. *Pitt,* 230 Mass. 526, 527-528 (1918). A decision of an Appellate Division is not final and immediate appeal to this court is not available if trial in the Superior Court is available to the party seeking the appeal. *Kingsley* v. *Massachusetts Bay Transp. Auth.,* 383 Mass. 874 (1981). *Pupillo* v. *New England Tel. & Tel. Co.,* 381 Mass. 714, 715 (1980). *Fusco* v. *Springfield Republican Co.,* 367 Mass. 904, 906 (1975). Although, pursuant to G. L. c. 231, § 104, this action had to be *tried* in the District Court, the plaintiffs could have *commenced* the action in the Superior Court. See G. L. c. 212, § 4. Having elected to bring their action in the District Court, the plaintiffs had no right of appeal to the Superior Court after disposition by the Appellate Division. The right of appeal, provided by G. L. c. 231, § 97, is deemed waived, as provided by G. L. c. 231, § 103.

Unless reversed by this court, the result of the denial by the Appellate Division of the plaintiffs' petition to establish the report is that the action is disposed of as if no request for report had been made. Dist. Mun. Cts. R. Civ. P. 64 (e) (1975). Therefore, the action of the Appellate Division was final, and the plaintiffs' appeal is properly here.

2. *Procedural Propriety of Petition to Establish.*

District Mun. Cts. R. Civ. P. 64 (c) (5) (1975) provides that if final action by the trial judge on a draft report "is not taken within three months after the filing thereof, and no petition for establishment of a report has been filed, the cause shall proceed as though no request for report had been made, unless the appellate division for cause shown shall allow further time." District Mun. Cts. R. Civ. P. 64 (e) provides that whenever action on a draft report is "unduly delayed" the party seeking such action, may, by following specified procedures, file a petition to establish the report and obtain a hearing and disposition in the Appellate Division. The plaintiffs' petition appears to have been filed pursuant to this provision. No action had been taken on the plaintiffs'

second request for a report, contrary to the mandate of Dist. Mun. Cts. R. Civ. P. 64 (c) (4). It further appears from the decision of the Appellate Division that that tribunal was unmindful that the request for a second report had been filed and had not been acted upon, or that the plaintiffs were invoking the rule 64 (e) procedure. However, whether the plaintiffs correctly followed all of the procedural steps required by rule 64 (e) need not be addressed, because if the second report were to be established following action by this court, the result would be a presentation of the correctness of the dismissal on December 11, 1980, of the first draft report. If the first draft report was correctly dismissed, judgment for the defendant is appropriate. We conclude that the first draft report was correctly dismissed pursuant to Dist. Mun. Cts. R. Civ. P. 64 (c) (6), and that the plaintiffs, therefore, were not prejudiced by the denial of their petition to establish the second report, and judgment for the defendant is appropriate.

3. *Dismissal of First Draft Report.*

Judgment was entered on June 20, 1980. A request for a report and a draft report were required to be filed within ten days. Dist. Mun. Cts. R. Civ. P. 64 (c) (1) (i & ii) (1975). The rule provides that "[u]pon a showing of excusable neglect, the trial court may extend the time for filing a request for a report" and a draft report "for a period not to exceed 10 days from the expiration of the time otherwise prescribed" by the rule. The trial judge was without authority to extend the time for filing the first request for a report and a draft report beyond July 10, 1980, unless, as the plaintiffs argue, the clerk's failure until July 22, 1980, to notify the parties by mail of the entry of judgment permits a different result.

District Mun. Cts. R. Civ. P. 77 (d) (1975) provides that when an order or judgment is entered in open court, the clerk shall immediately notify the parties of such order or judgment by mail and shall make a note in the docket of the mailing. The plaintiffs concede that judgment entered on June 20, 1980, and, therefore, they cannot, and do not, contend that the judgment for the defendant on the pleadings was not effective because not promptly docketed as required by Dist.

Mun. Cts. R. Civ. P. 79 (a). See Dist. Mun. Cts. R. Civ. P. 58 (a). They rely, rather, on the failure of mailed notice thereof until July 22, 1980. This contention is met, however, by the provision in rule 77 (d) that "[l]ack of notice of the entry [of judgment] by the clerk does not affect the time to request a report or file a draft report, or authorize the court to relieve a party for failure to request a report or file a draft report within the time allowed except as permitted in Rule 64(c) of these rules."

In view of this rule, we are not free to hold that, for the purpose of starting the running of the period for appeal, judgment has not "entered" until mailed notice has been given.[2] Since the maximum allowable time permitted in rule 64 (c) is twenty days from the entry of judgment, the trial judge had no authority to grant an extension of time, or to allow a request for a report, or to allow a draft report, filed on August 15, 1980, fifty-six days after entry of judgment.

The plaintiffs contend that the motion to reconsider, filed on July 24, 1980, should be considered a motion under Dist. Mun. Cts. R. Civ. P. 59 to alter or amend a judgment, and that, pursuant to Dist. Mun. Cts. R. Civ. P. 64 (c) (1) (iii), the motion terminated the running of the time for filing a request for report and draft report. The motion to reconsider was denied on August 6, 1980, and the plaintiffs urge us to conclude that they preserved their right of appeal by filing the appropriate papers on August 15. This argument fails in at least two respects. District Mun. Cts. R. Civ. P. 59 (e) requires that a motion to alter or amend a judgment shall be served not later than ten days after entry of judgment. The motion for reconsideration was not filed in time. Furthermore, the time for preservation of the plaintiffs' right to appeal from the entry of judgment pursuant to rule 64 (c) (1) (i & ii), including the maximum allowable period of extension, had expired before July 24. It was then too late to terminate the running of the appeal period.

*Order of the Appellate Division
affirmed.*

---

[2] We do not intimate any dissatisfaction with the present rule.