Third National Bank of Hampden County *v.* Continental Ins. Co.

THIRD NATIONAL BANK OF HAMPDEN COUNTY *vs.*
CONTINENTAL INSURANCE COMPANY.

Hampden.  May 7, 1982. — February 24, 1983.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Appellate Division: appeal. *Secured Transaction,* Secur-
ity interest in insurance proceeds.  *Conversion.  Words,* "Proceeds."

A plaintiff which commenced in a District Court an action which it might
have commenced in the Superior Court was deemed to have waived its
right to a jury trial in the Superior Court and, consequently, its appeal
from a decision of the Appellate Division was properly before this
court.  [241-242]
A sum payable on an insurance claim as the result of the loss of a tractor
in which a bank held a perfected security interest did not, under G. L.
c. 106, § 9-306 (1), as in effect on the date of loss, constitute "proceeds"
recoverable by the bank in an action against the insurer.  [242-244]
Failure of an insurance company to name a bank as loss payee on a draft
issued in payment of a claim for loss of a tractor in which the bank
held a perfected security interest did not constitute conversion of any
property of the bank.  [244-245]

CIVIL ACTION commenced in the District Court of Spring-
field on May 25, 1978.

The case was heard by *Peck,* J.

Following its decision reported at 387 Mass. 1001 (1982),
the Supreme Judicial Court granted a petition for rehearing.

The case was submitted on briefs.

*Michael G. West* for the plaintiff.

*John D. Ross, Jr.,* for the defendant.

LYNCH, J.  On May 25, 1978, the Third National Bank of
Hampden County (bank) filed this action in the Springfield
District Court against the Continental Insurance Company
(Continental).  The bank, alleging that Continental had
failed to pay it $3,988.82 (representing proceeds of an insur-
ance policy on a lost tractor in which the bank held a per-

388 Mass. 240 241

Third National Bank of Hampden County *v*. Continental Ins. Co.

fected security interest), sought to recover that amount on the theories of negligence and conversion. Continental brought a third-party action against Gerald F. Parker & Son, Inc. (Parker), and R. J. Saex Insurance Agency, Inc. (Saex), claiming that, if Continental was liable to the bank, Parker and Saex were liable to Continental. After a judge of the District Court found for Continental, Parker, and Saex, the bank claimed a report to the Appellate Division of the District Courts, Western District.

On July 7, 1981, the Appellate Division dismissed the report, concluding that the trial judge had been correct in finding that the funds paid by Continental to the named insured, Parker, as a result of its claim for damage to the motor vehicle, were not "proceeds" within the meaning of G. L. c. 106, § 9-306 (1), inserted by St. 1957, c. 765, § 1, and in effect at the time payment was made. See now G. L. c. 106, § 9-306, as amended by St. 1979, c. 512, § 7. The bank appealed to this court from the dismissal of its report by the Appellate Division. After an opinion by this court on July 29, 1982, 387 Mass. 1001 (1982), we granted the plaintiff's petition for rehearing. We now affirm the decision of the Appellate Division dismissing the report.

To decide the issues raised by the plaintiff we must interpret G. L. c. 106, § 9-306, as it existed prior to its amendment in 1979. We also discuss briefly the procedure applicable to appeals from the Appellate Division.

1. *Appeal from a decision of the Appellate Division*. Following a judgment in a District Court in an action that could not have been removed to the Superior Court, a party may claim a report to the Appellate Division or obtain a trial de novo in the Superior Court by appeal. See *Lubell* v. *First Nat'l Stores, Inc.*, 342 Mass. 161, 165-166 (1961); G. L. c. 231, § 97. If a party elects to claim a report, another opportunity exists to request trial in the Superior Court after a decision by the Appellate Division. *Fusco* v. *Springfield Republican Co.*, 367 Mass. 904, 906 (1975). In such a case the decision of the Appellate Division is not final and, therefore, there is no right to bring the case here before proceeding

to trial in the Superior Court. *Orasz* v. *Colonial Tavern, Inc.*, 365 Mass. 131, 139 (1974). Although this action had to be tried in the District Court, it could have been commenced in the Superior Court.[1] *Locke* v. *Slater*, 387 Mass. 682, 684 (1982). G. L. c. 212, § 4. A plaintiff's right to a Superior Court jury trial in such an action provided by G. L. c. 231, § 97, is deemed waived under G. L. c. 231, § 103, by commencing in a District Court an action that could have been commenced in the Superior Court. *Locke* v. *Slater, supra* at 684. *Hudson* v. *Massachusetts Property Ins. Underwriting Ass'n*, 386 Mass. 450, 452 n.2 (1982). By commencing this action in the District Court, the plaintiff, therefore, waived its appeal to the Superior Court. As a result, the decision of the Appellate Division dismissing the report was final and the appeal is properly here. *Locke* v. *Slater, supra*.

2. *Proceeds under G. L. c. 106, § 9-306 (1)*. On the date of loss and until January 1, 1980, G. L. c. 106, § 9-306 (1), read as follows: "'Proceeds' includes whatever is received when collateral or proceeds is sold, exchanged, collected or otherwise disposed of. The term also includes the account arising when the right to payment is earned under a contract right. Money, checks and the like are 'cash proceeds.' All other proceeds are 'non-cash proceeds.'" The Appellate Division concluded that the payment to an insured of sums due under a policy of insurance as a result of the destruction of the insured's property did not constitute sums received as a result of the insured's property being sold, exchanged, collected or otherwise disposed of. In reaching this conclusion the Appellate Division relied upon *Quigley* v. *Caron*, 247

---

[1] When this action was commenced, G. L. c. 231, § 104, as appearing in St. 1975, c. 377, § 104, provided (in pertinent part) that claims for damages which do not exceed $4,000 shall be tried in a District Court. In both counts of its complaint, the bank sought to recover only $3,988.82, plus interest at the rate of eight per cent from November 21, 1975. Since interest is not considered in determining the statutory measure of the amount of damages claimed, the statute required that the bank's action be tried, in the first instance, in a District Court. *Eastman Kodak Co.* v. *Clerk of the Third Dist. Court of E. Middlesex*, 372 Mass. 232, 237-238 (1977).

388 Mass. 240                                                     243

Third National Bank of Hampden County *v.* Continental Ins. Co.

A.2d 94 (Me. 1968), and *Universal C.I.T. Credit Corp.* v. *Prudential Inv. Corp.*, 101 R.I. 287 (1966). The reasoning in those decisions, as well as by the judge in this case, was that the section as it then read required a voluntary act to convert collateral into proceeds. Soon after those cases were decided and for the apparent purpose of overruling the reasoning of those cases, the Commissioners on Uniform State Laws and the American Law Institute recommended that § 9-306 (1) be amended to read as follows: "'Proceeds' includes whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds. Insurance payable by reason of loss or damage to the collateral is proceeds, except to the extent that it is payable to a person other than a party to the security agreement. Money, checks, deposit accounts, and the like are 'cash proceeds.' All other proceeds are 'noncash proceeds.'" This recommendation was adopted by the Massachusetts General Court in 1979 to be effective on January 1, 1980. St. 1979, c. 512, § 7. Section 15 of St. 1979, c. 512, provides that "[u]nless a change in law has clearly been made, the provisions of the new U.C.C. shall be deemed declaratory of the meaning of the old U.C.C."

It would appear that most of the decisions interpreting § 9-306 (1) prior to the amendment recommended by the Commissioners reached the same conclusion as the Appellate Division, i.e., that payments of claims under insurance policies were not proceeds. *Quigley* v. *Caron, supra. Universal C.I.T. Credit Corp.* v. *Prudential Inv. Corp., supra.*

The Appellate Division reasoned that this was the law in Massachusetts until January 1, 1980; St. 1979, c. 512, § 7, made a clear change in the law; and, therefore, the plaintiff was not entitled to recover from Continental under § 9-306 (1). We agree.

As Continental points out, at all times material to this action, G. L. c. 106, § 9-104 (g), provided that "[t]his Article does not apply . . . (g) to a transfer of an interest or claim in

or under any policy of insurance." [2]   Thus when the former sections are read together, we find that the statute clearly stated that the proceeds provision of § 9-306 (1) does not apply to the payment of claims under a policy of insurance.  It is difficult to maintain that the different versions of the statute mean the same thing.  It is clear, therefore, that the Appellate Division was correct in ruling that St. 1979, c. 512, § 7, changed the law in Massachusetts and that prior to January 1, 1980, proceeds under § 9-306 (1) did not apply to amounts received in payment of a claim under a policy of insurance.

3. *Conversion.*  The plaintiff claims to be aggrieved by the court's failure to grant the following request for ruling: "As a matter of law, Defendant's failure to list Plaintiff as a loss payee on the draft issued to Gerald F. Parker & Sons, Inc. to compensate it for the fire loss of July 15, 1975 constituted conversion as to Plaintiff," citing *First Nat'l Bank* v. *Merchant's Mut. Ins. Co.*, 89 Misc. 2d 771 (N.Y. Sup. Ct. 1977).

The conversion argument adds nothing to the bank's claim.  Conversion requires the exercise of dominion or control over the personal property of another.  See *Spooner* v. *Manchester*, 133 Mass. 270, 274 (1882); Restatement (Second) of Torts § 222A (1965); W. Prosser, Torts § 15 (4th ed. 1971).  The draft issued by Continental was clearly not property of the bank in the absence of some statutory provision which would treat the payment of a claim as the exercise of dominion and control over the bank's security interest.

The bank relies exclusively on § 9-306 (1) to buttress its claim of conversion.  In similar circumstances two courts have recently held that this section does not support a claim for conversion.  *First Nat'l Bank* v. *Merchant's Mut. Ins. Co.*, 49 N.Y.2d 725 (1980), rev'g 89 Misc. 2d 771 (N.Y. Sup.

---

[2] Section 9-104 (*g*) was also amended, effective January 1, 1980, to read: "This Article does not apply . . . (*g*) to a transfer of an interest in or claim in or under any policy of insurance, except as provided with respect to proceeds [§ 9-306] . . . ." St. 1979, c. 512, § 7.

Ct. 1977). *Terra Western Corp.* v. *Berry & Co.*, 207 Neb. 28 (1980) (interpreting the present version of § 9-306). We reach the same conclusion. There is nothing in the language of the applicable version of § 9-306 to suggest that a secured party has a property interest in the "proceeds" of an insurance policy covering destroyed property while those proceeds are still in the hands of the insurance company.

The order of the Appellate Division dismissing the report is affirmed.

*So ordered.*