THE GREENHOUSE, INC. vs. TRANS WORLD AIRLINES, INC.

Suffolk.   October 5, 1984. — February 12, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*District Court,* Appellate Division, Removal of case to Superior Court, Appeal to Supreme Judicial Court.

Where the defendant in an action tried in a District Court and reported to the Appellate Division for that court had the right to remove the case to the Superior Court for retrial within ten days of notice of the Appellate Division's decision, the defendant was not entitled to appeal to this court from that decision, even though the defendant's failure to claim a retrial in the Superior Court within the ten-day removal period had, in effect, rendered the decision of the Appellate Division final. [61-63] ABRAMS, J., dissenting.

CIVIL ACTION commenced in the Boston Municipal Court Department on December 10, 1980.

The case was heard by *Charles M. Grabau,* J.

*Stephen C. Fulton* for the defendant.

O'CONNOR, J. This case presents a question we left open in *Kolakowski* v. *Finney,* 393 Mass. 336, 340 (1984): If, when a party receives notice of a decision of the Appellate Division of a District Court, that party has the right to have his case transferred to the Superior Court for retrial, *must* that party exercise that right before appealing to this court? We now answer that question "yes."

The plaintiff, The Greenhouse, Inc. (Greenhouse), brought suit against the defendant, Trans World Airlines, Inc. (TWA), in the Boston Municipal Court, which is a District Court. See G. L. c. 218, § 1. Greenhouse alleged that TWA had violated its contract with Greenhouse and had acted negligently when TWA delivered to Greenhouse decayed, dehydrated, and, thus, unsaleable flowers. The complaint sought $5,000, an amount below the threshold of $7,500 established by G. L. c. 231,

§ 104, as amended through St. 1980, c. 539, § 4, for prompt removal by TWA to the Superior Court. After trial, judgment in the amount of $1,440.01 was entered for Greenhouse. TWA claimed a report to the Appellate Division of the Boston Municipal Court. On April 24, 1984, the Appellate Division dismissed the report. Within ten days of notice of that decision, TWA could have caused the case to be transferred to the Superior Court for a new trial. G. L. c. 231, § 104. See *Orasz* v. *Colonial Tavern, Inc.*, 365 Mass. 131, 134-140 (1974); *McGloin* v. *Nilson*, 348 Mass. 716, 718-719 (1965). However, TWA chose not to do so and instead appealed here. We dismiss the appeal.

General Laws c. 231, § 109, as amended through St. 1975, c. 377, § 108A, provides that "[a]n appeal to the supreme judicial court shall lie from the final decision of the appellate division of any district court." In *Locke* v. *Slater*, 387 Mass. 682, 684 (1982), we wrote that "[a] decision of an Appellate Division is not final and immediate appeal to this court is not available if trial in the Superior Court is available to the party seeking the appeal." That language controls this case. As we have said above, when TWA received notice of the Appellate Division's decision dismissing its report, TWA had ten days in which to claim a trial in the Superior Court. G. L. c. 231, § 104. But TWA chose not to claim its Superior Court trial. "[I]nstead," as TWA states in its brief, it "intentionally allowed the ten day removal period to expire and then brought its appeal to this Court."

Of course, after the ten-day removal period expired, TWA could no longer remove the case to the Superior Court, and the Appellate Division decision became final. However, over ten years ago, in *Orasz* v. *Colonial Tavern, Inc., supra*, this court announced a rule prohibiting an appeal in precisely that situation. We stated that a party who, after a decision by an Appellate Division, has the right to remove his case to the Superior Court "*does not have the right to appeal to this court from a decision of the Appellate Division before the retrial of the case in the Superior Court*" (emphasis added). *Id.* at 139. In the past ten years we have many times affirmed the "*Orasz*

rule." See, e.g., *Third Nat'l Bank* v. *Continental Ins. Co.*, 387 Mass. 1001, 1002 (1982); *Kingsley* v. *Massachusetts Bay Transp. Auth.*, 383 Mass. 874 (1981); *Pupillo* v. *New England Tel. & Tel. Co.*, 381 Mass. 714, 715 (1980); *Fusco* v. *Springfield Republican Co.*, 367 Mass. 904, 906 (1975). Today, we affirm it again.

In support of its position, TWA points to *Parrell* v. *Keenan*, 389 Mass. 809, 811 n.4 (1983), and *Pilotte* v. *Aetna Casualty & Sur. Co.*, 384 Mass. 805, 805 n.1 (1981). We agree that those decisions give support to TWA's position. However, in neither of those cases did the parties brief or argue the propriety of the appeal, and in neither of them did we expressly or intentionally abandon the rule that we articulated in *Orasz* and applied in *Orasz'* s progeny. In *Pilotte, supra,* we entertained the appeal in the exercise of our discretion, but the concern we expressed in *Orasz, supra* at 140, that "a good deal of confusion has apparently resulted from the discretionary enter- tainment of premature appeals by this court," prompts us now to adhere closely to the *Orasz* rule. See *Weil* v. *Boston Elevated Ry.*, 216 Mass. 545, 549 (1914) ("The rule of practice as to when [appeals] may be presented for argument in this court ought to be simple, capable of being easily understood and not likely to be open to doubt in application. . . . It is more important to preserve it than to break in upon it for the purpose of doing what may appear to be desirable in a single case and thereby work confusion in many other cases"). Surely, *Orasz* and subsequent cases that applied the *Orasz* rule, none of which have ever been expressly overruled, placed TWA on notice that it could not safely assume that it had the right to appeal directly to this court from the Appellate Division.

In *Parrell* v. *Keenan, supra*, we relied on *Joseph Freedman Co.* v. *North Penn Transfer, Inc.*, 388 Mass. 551, 551 n.1 (1983), and *Third Nat'l Bank* v. *Continental Ins. Co.*, 388 Mass. 240, 241-242 (1983), but our reliance was inappropriate. In *Joseph Freedman Co., supra*, before trial in the District Court the defendant-appellant could have removed the case for trial in the Superior Court, G. L. c. 231, § 104, but it did not. Therefore, before the Appellate Division filed its decision, the

defendant-appellant had waived its right to a Superior Court trial. See *Conroy* v. *Boston*, 392 Mass. 216, 216 n.1 (1984). In *Third Nat'l Bank, supra,* although the plaintiff-appellant could have filed its suit in the Superior Court, it chose to sue in the District Court. Again, as in *Joseph Freedman Co., supra,* before the Appellate Division filed its decision, the plaintiff-appellant had waived its right to a Superior Court trial. See *Locke* v. *Slater, supra.* So, in both of the cases that we relied on in *Parrell* v. *Keenan, supra,* when the Appellate Division made its decision that decision was final. Therefore, appeal to this court was appropriate. That was not the situation in *Parrell* v. *Keenan, supra,* nor is it the situation in this case.

Considerations of judicial economy justify our decision to retain the *Orasz* rule. A contrary rule — one that would permit the direct appeal to this court of cases that the Legislature has required to be tried in the first instance in the District Court — would not advance the efficient disposition of judicial business. By their very nature, those cases have a much greater potential for prompt termination in the Superior Court — by trial or by settlement — than they have in this court.

*Appeal dismissed.*


ABRAMS, J. (dissenting). Delay in civil trials in the trial court is the most serious problem in the administration of justice.[1] Despite knowledge of that fact, the court today refuses to adopt a simple housekeeping measure which would end litigation in a small group of cases and instead adds to the delay and congestion in the Superior Court.

General Laws c. 231, § 109, as amended through St. 1975, c. 377, § 108A, provides that a party may appeal to this court from "the final decision of the appellate division of any district

---

[1] From June, 1983, to June, 1984, the number of civil cases pending in the Superior Court increased from 72,854 to 79,603. Quarterly Caseflow Report, Office of the Chief Administrative Justice of the Trial Court (2d Quarter 1984).

court." Contrary to the court's decision today, the Appellate Division's dismissal of the report, combined with the defendant's failure to move for transfer of the case to the Superior Court, makes the Appellate Division's decision final and therefore appealable to this court.

Where, as here, the only remaining question for the court is one of law, there is no justification for requiring Superior Court action.[2] See *Pilotte* v. *Aetna Casualty & Sur. Co.*, 384 Mass. 805, 805 n.1 (1981). The resolution of factual disputes is what the trial court does best. The resolution of legal issues is our function.

If the plaintiff had lost the Appellate Division decision, it could have brought an appeal before this court. See *Third Nat'l Bank* v. *Continental Ins. Co.*, 388 Mass. 240, 241-242 (1983). Or, if the defendant had waived its right to jury trial in the Superior Court before the Appellate Division's decision, it also could have appealed to this court without first retrying the case in the Superior Court. See *Joseph Freedman Co.* v. *North Penn Transfer, Inc.*, 388 Mass. 551, 551-552 n.1 (1983). I think that once the defendant allowed the ten-day period to remove the case to pass, the Appellate Division's decision became final and appealable. The fact that the defendant elected to waive its right to a jury trial in the Superior Court after the Appellate Division decision, rather than before, should not determine the case's procedural status. This court's decision merely prolongs litigation, increases the costs to litigants, and makes it more difficult for citizens to enforce small claims even though such claims are valid, or makes it economically disadvantageous to defend against invalid claims.

"The controlling ideas [of court reorganization, see St. 1978, c. 478, are] unification, flexibility, conservation of judicial power, and responsibility." R. Pound, Organization of Courts 275 (1940). Today's decision neither conserves judicial power nor is it responsible. Adherence to old procedures does not

---

[2] The issue is whether the plaintiff offered sufficient evidence of an essential element of its prima facie case — that upon delivery of goods to the carrier, the goods were in good condition.

serve the purposes of reorganization, but merely continues the strangulation of the trial courts by adding another layer of decisionmaking before appellate review. Such a procedure merely adds to spiraling litigation costs and increases delay between entry and final disposition.

The court's conclusion that "[c]onsiderations of judicial economy" justify its decision not to decide an issue of law is unfair.[3] The courts are not created for the convenience of judges and lawyers but are created to serve litigants and the public interest in securing "the just, speedy and inexpensive determination of every action." See Mass. R. Civ. P. 1, as appearing in 385 Mass. 1213 (1982).

The court today departs from its recent holding that even if appellate review "increases [appellate] judicial business, that result must be accepted. Courts exist to vindicate important rights. We cannot withhold from [litigants] important protections merely because granting them may place some additional burden on the courts." *Berry* v. *Commonwealth*, 393 Mass. 793, 799 (1985). Today's decision does not improve the administration of justice for litigants, the public, or for the court system as a whole.[4] I dissent.

---

[3] If the court is concerned with the number of appeals, it has the authority to transfer cases to the Appeals Court, see G. L. c. 211, § 4A, and to select from its caseload an appropriate number of cases.

[4] It is not clear that there will be an increase of business because relatively few cases involve only an issue of law. Rather, most cases involve issues of law and fact or just factual disputes and would go to the Superior Court.