JOSEPH F. BYRNES, JR. vs. ITM, INC.

Worcester. September 13, 1985. — December 9, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*District Court,* Appellate Division, Removal of case to Superior Court, Appeal to Supreme Judicial Court.

A party was not entitled to appeal to this court from an unfavorable decision of the Appellate Division of the District Courts, where the party could have removed the case to the Superior Court within ten days following the decision of the Appellate Division, but failed to do so. [304-305]

CIVIL ACTION commenced in the Milford Division of the District Court Department on July 20, 1982.

The case was heard by *Francis J. Larkin,* J.

The case was submitted on briefs.

*John H. Newitt* for the defendant.

*Joseph F. Byrnes, Jr.,* pro se.

O'CONNOR, J. The plaintiff complained in the District Court that the defendant corporation owed him $675 for legal services. A judge of that court found for the plaintiff and on October 28, 1983, a judgment in the amount claimed together with interest and costs was entered. On December 29, 1983, the same judge denied the defendant's motion to vacate the judgment, following which the defendant filed a document captioned "Request for Hearing of Defendant's final petition for correction of errors of law and procedure prior to appeal." After the original judge recused himself, that petition was denied by a second judge on February 2, 1984.

On February 16, 1984, approximately three and one-half months after judgment was entered, the defendant filed an appeal and claim of trial by jury in the Superior Court, together with a motion for leave to file his appeal late. The original judge

allowed the defendant's motion on March 2, 1984, and five days later the plaintiff moved to vacate that order, asserting that he had received no notice of the motion and that, in any event, the judge lacked authority to allow it. No further motions were filed, and the court took no further action until on June 13, 1984, the original judge ordered that the judgment in the plaintiff's favor be vacated, that the order allowing the defendant's late appeal also be vacated, and that the case be set down for trial before another judge of the District Court. The plaintiff claimed a report to the Appellate Division, and the Appellate Division reversed the judge's order. The defendant appeals directly to this court. We dismiss the appeal.

The complaint sought less than $7,500 and therefore the defendant could not have removed the case to the Superior Court until after notice of the finding or decision of the District Court judge. G. L. c. 231, § 104 (1984 ed.). Section 104 provides, however, that after notice of a decision or finding a party has ten days within which to request that the case be transferred to the Superior Court for trial. If an aggrieved party chooses to claim a report to the Appellate Division, however, he may do so and then the ten-day period begins to run with notice of the decision of the Appellate Division. *Greenhouse, Inc.* v. *TWA,* 394 Mass. 60, 61 (1985). *Third Nat'l Bank* v. *Continental Ins. Co.,* 388 Mass. 240, 241 ·(1983). In *Greenhouse,* we held that a party who had a right to remove its case to the Superior Court after an adverse decision by the Appellate Division could not appeal to this court before a trial of the case in the Superior Court. We arrived at that conclusion after considering what procedure, consistent with fairness to litigants, would best promote economy of judicial resources. We reasoned that if a party who has been disappointed by a decision in the District Court has had an opportunity to obtain a more favorable result by removing the case to the Superior Court for a trial there, this court should not become involved in the case unless the party has availed itself of that opportunity. Here, after receiving an unfavorable decision in the District Court, the defendant had, but did not use, the opportunity to

remove this case to the Superior Court. Our reasoning in *Greenhouse* dictates that the defendant's appeal must be dismissed.[1]

*So ordered.*

ABRAMS, J. (concurring). I adhere to my dissenting views as expressed in *Greenhouse, Inc.* v. *TWA,* 394 Mass. 60, 63 (1985) (Abrams, J., dissenting), but accept the court's decision as binding.

---

[1] It is of no consequence that the defendant's appeal is from the order of the Appellate Division reversing the judge's order to vacate the judgment favorable to the plaintiff. The thrust of the appeal is to challenge the judgment.