ANDOVER SAVINGS BANK & another[1] *vs.* THE
CO-OPERATIVE CENTRAL BANK.

Suffolk. December 7, 1989. -January 9, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Bank. Share Insurance Fund. Statute*, Construction. *Words*, "Distribution
to the then member banks."

Two cooperative banks that formerly had been members of a Massachu-
setts corporation organized pursuant to St. 1932, c. 45, to provide a
fund for cash reserves and deposit insurance to its member cooperative
banks were not entitled to share in the fund's liquidating dividend de-
clared after the two banks had withdrawn as members of the corpora-
tion. [410-411]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 24, 1987.

The case was heard by *John L. Murphy, Jr.*, J., on a mo-
tion for partial summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Michael J. Tuteur* (*Gregory A. Bibler* with him) for the
plaintiffs.

*William F. Looney, Jr.* (*Robert C. Barber* with him) for
the defendant.

NOLAN, J. In a verified complaint, the plaintiffs sought in-
junctive relief, an accounting, declaratory judgment and
damages for restitution, money had and received, return of
assessments, and "distribution of surplus from a common
fund for mutual insurance." The defendant filed a motion for
summary judgment as to count 1 which is a claim on the
share insurance fund (fund) based on St. 1934, c. 73, § 9.

---

[1]Winchester Savings Bank.

The motion was allowed and the plaintiffs appealed. We transferred the case to this court on our own motion. We affirm.

Some history here is helpful. The defendant is a Massachusetts corporation organized pursuant to St. 1932, c. 45. Its members include all cooperative banks established under Massachusetts law. It provides cash reserves and deposit insurance. In 1934 the fund was created (St. 1934, c. 73, § 9) to insure the deposits. Each member bank is required to pay periodic assessments. There are ninety-nine member banks and during the last five years all have become members of the Federal Deposit Insurance Corporation (FDIC) or of the Federal Savings and Loan Insurance Corporation (FSLIC). The fund now insures only the excess over the limits of the Federal insurers.

As a result of this reduction of demand for coverage, the directors of the defendant in 1987 voted to liquidate partially and to distribute to its member banks $100 million from the fund. Distribution has been made to ninety-eight of the ninety-nine member banks.

The plaintiffs were members of the defendant until they merged with the savings banks whose names they bear. Valley Co-operative Bank merged with the plaintiff Andover Savings Bank on December 10, 1982, and Hillside Co-operative Bank merged with the plaintiff Winchester Savings Bank on June 23, 1983.

The issue is whether the plaintiffs are entitled to share in the liquidating dividend of the fund despite their departure from the defendant a few years before the declaration of the dividend.

In his memorandum and decision, the judge quite correctly pointed to St. 1934, c. 73, § 9, as amended, as the governing statute. Section 9 provides that, upon a vote to dissolve and liquidate the fund, the defendant "shall distribute . . . the amount of the fund so voted for distribution *to the then member banks*" (emphasis supplied). The phrase, "to the then member banks" is controlling. See St. 1956, c. 323, § 8; St. 1985, c. 405, § 25. The language is plain and unambigu-

ous and must be given "the usual and natural meaning of the words." *Conroy* v. *Boston*, 392 Mass. 216, 219 (1984).

Even St. 1934, c. 73, § 9, as originally enacted, bars the plaintiffs because it decrees that, on dissolution distribution be made "to the member banks." Clearly at the time of distribution, the plaintiffs were not "member banks" because they were savings banks, not cooperative banks.

The predecessor cooperative banks withdrew as members of the defendant when they became savings banks. They were no longer liable for assessments by the defendant pursuant to St. 1934, c. 73, § 1, when they ceased to be members of the defendant. Accordingly, they shall not share as member banks in the liquidating dividend. Nor is there any language in either G. L. c. 168, § 34A (merger of savings and cooperative banks) or in G. L. c. 170, § 26A (1) (same), which advances the position of the plaintiffs.

The plaintiffs argue that it is unfair and inequitable to deny them the liquidating distribution. Their argument is founded on a false premise. The payments into the fund by the predecessor cooperative banks were not contributions, as the plaintiffs argue. They were assessments for insurance protection which they enjoyed while they were cooperative banks. They reaped the benefits of this protection while they remained cooperative banks. Once they ceased operating as cooperative banks, their obligation to pay the assessments ceased. Accordingly, there is nothing inequitable or unfair in limiting the distribution to member banks.

There was no error in allowing the defendant's motion for partial summary judgment.

*Judgment affirmed.*