Forte, J.
This is an action for breach of contract “and/or conversion” to recover the $2,751.48 proceeds of a check issued by defendant Abington Casualty Insurance Company (“Abington”)- in payment of an insurance claim for property damage to an automobile upon which plaintiff General Motors Acceptance Corporation (“GMAC”) held alien. Thecheckwasmadepayablejointlytoone Robert A Azevedo (“Azevedo”), Abington’s insured, and to plaintiff GMAC, a loss payee beneficiary of Azevedo’s insurance policy with Abington. The check was delivered to Azevedo who endorsed it, presented itto the drawee bank without GMAC’s endorsement and received the full proceeds thereof GMAC alleges that such payment of the check by the bank without GMAC’s endorsement renders the defendant liable.
The trial court allowed defendant Abington’s Dist/Mun. Cts. R. Civ. P., Rule 12 (b) (6) motion to dismiss. GMAC now appeals that ruling and the court’s judgment of dismissal.
There was no error in the court’s allowance of Abington’s dismissal motion as it is clear that GMAC can prove no set of facts in support of its complaint which would entitle it to relief against Abington. Nader v. Citron, 372 Mass. 96, 97-98 (1977).
1. Abington concedes that GMAC had an interest in the $2,751.48 proceeds of the *95 check at issue. GMAC had a retail sale security interest in Azevedo’s automobile in the amount of $7,070.92. The amount of the damage to the vehicle was $2,751.48. General Laws c. 106, §9-306, as amended by St. 1979, c. 512, §7,[1] provides:
(1) Proceeds ... Insurance payable by reason of loss or damage to the collateral is proceeds.... [C]hecks... are ‘cash proceeds’.
GMAC thus held a security interest in the “proceeds” pursuant to statute. This resultisconsistentwithearlierequitableprinciples. See Worcester v. Boston, 179 Mass. 41 (1901).
2. It is also clear that defendant Abington honored the plaintiff’s security interest in the proceeds by issuing a check made payable jointly to its insured, Azevedo, and to GMAC. Since the instrument was not drawn in the alternative (i.e., payable to the insured or plaintiff GMAC), it could only be negotiated, discharged or enforced by both named payees. G.Lc. 106, §3-116(6). See generally, Gill Equip. Co. v. Freedman, 339 Mass. 303 (1959).
Abington’s delivery of the check was also consistent with both a recognition of GMAC’s interests and its contractual obligation to its insured. Although Abington presented the check in question to Azevedo only, the “delivery to one of two or more payees operates as a delivery to all.” Vaughn v. Vaughn, 118 So. 2d 623, 629 (Miss. 1960).
Finally, the check issued and delivered by Abington was in the full amount of the claimed loss, and was drawn on an account with sufficient funds in a solvent bank. Abington thus discharged in full its obligations to GMAC and Azevedo. First Nat’l Ins. Co. of America v. Commonwealth, 391 Mass. 321, 326-327 (1984).
3. Plaintiff GMAC’s complaint against Abington was, therefore, properly dismissed pursuant to Rule 12(b) (6). Such dismissal does not signify that GMAC is without a remedy, but its rights are against Azevedo in contract and against the bank(s) under G.Lc. 106, §3-306(a).
Report dismissed.

 Prior to January 1,1980, the effective date of the amendment of G.L.c. 106, §9-306, the law was to the contrary. See Third Nat’l Bk. of Hamden County v. Continental Ins. Co., 388 Mass. 240 (1983).