Merrick, J.
This is an action to recover money due under the sale of a car wash business owned by plaintiff Haig Chapian (“Chapian”) and operated on premises leased by plaintiff Zartir, Inc. (“Zartir”), a corporation controlled by Chapian.
Defendants Martin Geller (“Geller”) and Daniel F. MacDonald (“MacDonald”) were the principals and, respectively, the president and chief operating officer of corporate defendant Car Wash Systems, Inc. (“Car Wash”). On or about September 15, 1989, the parties entered into a transaction for the transfer of Chapian’s business to Car Wash for a purchase price of $25,000.00. Car Wash made a down payment of $10,000.00, and gave an interest-free promissory note in the amount of $15,000.00, payable in monthly installments of $1,000.00, for the balance. Geller and MacDonald executed the note on behalf of Car Wash, and also signed personal guaranties of the note. Zartir entered into a sub-lease of the premises with Car Wash, the terms and payment of which were also personally guaranteed by Geller and MacDonald in their individual capacities.
In February, 1991, Chapian and Zartir commenced this action against all three defendants for non-payment under both the sub-lease and promissory note. The defendants counterclaimed for misrepresentations made at the time of the sale about the prior business volume of the car wash.[3]
In March, 1991, Zartir filed a summary process action against Car Wash to recover both possession of the premises and rent under the sub-lease. Car Wash filed a counterclaim which alleged the same misrepresentations. Zartir ultimately prevailed on both its complaint and the counterclaim in the District Court trial and *168 on appeal in the Superior Court.[4]
Thereafter, a District Court judge allowed motions for summary judgment in this action in favor of both plaintiffs against all defendants on the claims described above. The defendants appealed to this Division.
1. The claim for rent against Car Wash was previously decided in the summary process action. Contrary to the assertion of plaintiffs’ counsel at oral argument, the complaint against Car Wash on the lease is not an action on that judgment. Indeed, the complaint in this action was brought before the summary process case, and has never been amended.
2. In opposition to the guaranty claims against them for rent under the sublease, Geller and MacDonald argue that they are not bound by the judgment in the summary process action in which they were not parties. It is settled, however, that the privity necessary to bind a guarantor to the results of a prior proceeding in which he was not named as a party is satisfied when it is shown that the guarantor was an officer or major shareholder of the corporate party in the first action, and that the guarantor was a participant in and controlled the first action. Walter E. Heller & Co. v. Cox, 343 F. Supp. 519, 524 (S.D.N.Y. 1972), aff’d 486 F.2d 1398 (2d. Cir. 1973); Continental III. Nat'l Bank & Tr. Co. v. Windham, 668 F. Supp. 578, 583 (E.D Tex. 1987). Both of those requirements are satisfied here. See also, Bowditch v. E.T. Slattery Co., 263 Mass. 496, 499 (1928).
3. Geller and MacDonald further argue that the language of the sub-lease allowed them to assign and escape their guaranty obligations. Pursuant to such alleged right, they executed on January 10,1990 a document purporting to assign their obligation as guarantors to a newly formed corporation, Aut-A-Wash., Inc., and delivered a copy of the document to Zartir. The sub-lease between Zartir and Car Wash contained printed boilerplate language prohibiting assignment without written permission from the lessor. A four page written amendment to the printed boilerplate provided, in part:
PERSONAL GUARANTY: Daniel MacDonald and Martin Geller, in consideration of granting right of assignment, as above set forth, guarantees [sic] the punctual payment of rent and the performance of all of the covenants in the within Lease mentioned to be paid or performed by LESSEE, without requiring any notice of non-payment or non-performance or proof of notice or demand being made.
Following this guaranty language, rather than above it, is an ‘Assignment/Sublease” clause which provides that the lease could not be assigned without the assent of Zartir or its lessor, which Zartir would use “good efforts” to obtain.
No reading of the sub-lease permits the interpretation urged by the individual defendants herein that they had the right to assign their guaranty obligations without the assent of the plaintiffs. Even assuming arguendo that the language of the lease would permit such a reading, the ability to create an unfunded corporation and assign the obligation to it would render the guaranty meaningless. Under Massachusetts law, contracts may not be construed so as to render any of their provisions meaningless. The Lexington Ins. Co. v. All Regions Chemical Labs, Inc., 419 Mass. 712, 713 (1995); Gibraltar Fin. Corp. v. Lumbermens Mut. Cas. Co., 400 Mass. 870, 872 (1987); Baybank Middlesex v. 1200 Beacon Properties, Inc., 760 F. Supp. 957, 963 (D.Mass. 1991).
4. Finally,[5] the defendants argue that there is a genuine issue of material fact *169 concerning the amount due on the promissory note. Chapian’s affidavit asserts plainly and specifically that Car Wash made only eight (8) of the fifteen (15) monthly payments of $1,000.00 which were due under the note. Conversely, the defendants’ affidavits set forth only vague assertions that some payments made by them to the plaintiffs were not credited in the judgment in the summary process action as rent, and thus should now be applied to the note balance. Although a purported “accounting” of payments is attached to the defendants’ brief, such accounting improperly includes, for example, the down payment on the original purchase price. Moreover, no sworn statement of payments which the defendants claim to have made on the note is included or attached.
A party opposing summary judgment must set forth specific facts showing that there is a genuine triable issue. SCA Services, Inc. v. Transportation Ins. Co., 419 Mass. 528, 531 (1995); Foley v. Boston Housing Auth., 407 Mass. 640, 643 (1990). “Vague and general allegations of expected proof’ are insufficient. O’Brien, Russell & Co. v. LeMay, 370 Mass. 243, 245 (1976); Community Nat’l Bank v. Dawes, 369 Mass. 550, 555-556 (1976). Where the Rule 56 moving party has satisfied its burden, the opponent must advance “enough countervailing details to demonstrate that material facts exist which, taken for our purposes as true,” constitute an issue of fact requiring a trial on the merits. Id. at 556-557. The defendants’ affidavits in this case simply fail to meet that standard.
5. The report indicates that the debt in question has been discharged in bankruptcy as to the individual defendant, Martin Geller, although he has apparently not filed a suggestion of the same or a motion to dismiss.
On the basis of the foregoing, the case is dismissed as to the defendant Geller. The trial court’s summary judgment is affirmed as to defendant MacDonald, jointly and severally with the corporate defendant, Car Wash Systems, Inc. That portion of the complaint which sought rent from defendant Car Wash is dismissed. The summary judgment against Car Wash in the amount of $7,000.00 plus $900.00 for attorney’s fees on the note, jointly and severally with defendant MacDonald, is affirmed.
So ordered.

The plaintiffs’ complaint herein is an almost indecipherable hodgepodge of assorted allegations by Chapian on the note against Car Wash and the individual guarantors, and by Zartir for rent against Car Wash and the individual guarantors, all of which are contained in a single count in gross violation of Dist./Mun. Cts. R. Civ. R, Rule 10(b). The trial judge’s denial of motions for separate judgment was amply justified, as would have been a motion to strike the pleading.

The misrepresentation counterclaim was the subject of a later action by the defendants in the Superior Court which was dismissed on the grounds of res judi-cata. That judgment was affirmed by the Appeals Court, and the counterclaim is not an issue here.

The defendants have also appealed the denial of motions for a new trial and for amendment of the court’s findings. The defendants conceded at oral argument, however, that such motions raised only those issues discussed herein.