Coven, J.
This is a DistVMun. Cts. R.A.D.A, Rule 8A expedited appeal of the trial court’s denial of the defendants’ G.L.c. 231, §104 requests for removal of this action to the Superior Court.
The underlying facts of this case are set forth in our earlier opinion. Chapian v. Car Wash Sys. Inc., 1995 Mass. App. Div. 167, and will not be restated here. For purposes of this appeal which is limited to the defendants’ statutory removal rights, it is sufficient to relate the nature and amounts of the claims for monetary damages filed by both parties.
1. In conjunction with the complaint, plaintiff Haig Chapian (“Chapian”) filed a Dist./Mun. Cts. Supp. R Civ. R, Rule 102A statement of damages against the defendants for $10,000.00. and plaintiff Zartir, Inc. (“Zartir”) filed a Rule 102A statement of damages in the amount of $21,000.00.[3] Because both plaintiffe claimed damages in amounts less than the $25,000.00 threshold amount for the statutory removal in the first instance of District Court actions to the Superior Court, the defendants were not required to file a request for a Superior Court trial within twenty-five days of service of the plaintiffs’ complaint.[4] See, e.g., Hart v. Frost, 1993 Mass. App. Div. 185. *99 186. On the basis of the complaint alone and before the filing of their answer, both defendants were instead entitled to await the conclusion of the District Court trial, and to file their request for a jury trial within thirty days after entry of the District Court judgment. G.Lc. 231, §104.[5] Byrnes v. ITM, Inc., 396 Mass. 303, 304 (1985); Haddad v. Pulaski, 36 Mass. App. Ct. 964 (1994).
2. Included, however, with the answer filed by the defendants were two counterclaims by defendant Car Wash Systems, Inc. (“Car Wash Systems”) in the respective amounts of $250,000.00 and $100,000.00. No Rule 102A statement of damages was filed with these counterclaims.[6] Defendánt Daniel F. MacDonald (“MacDonald”) did not participate in Car Wash Systems’ counterclaim, and did not file a counterclaim in his own behalf.
Having filed a counterclaim in excess of $25,000.00, Car Wash Systems was required by G.Lc. 231, §104 to file a jury trial claim, entry fee and bond within twenty-five days of service of the defendants’ answer which contained the counterclaim. Car Wash Systems foiled to do so, and thus waived its statutory right to remove this action to the Superior Court for a jury trial. Costa v. Cape Tip Investments, Inc., 35 Mass. App. Ct. 944, 945 (1994).
3. Car Wash Systems’ waiver was not, however, binding on defendant MacDonald who neither joined in Car Wash Systems’ counterclaims, nor filed a separate counterclaim of his own. Defendant MacDonald was served by the plaintiffs in his individual capacity, and had a right to assert his own independent statutory removal rights. Lamantea v. Dowd, 39 Mass. App. Ct. 613, 614-615 (1996). As noted, because the plaintiffs’ claims against MacDonald did not exceed $25,000.00, MacDonald had thirty days from notice of the District Court’s decision to file his G.Lc. 231, §104 request for removal to the Superior Court. It is undisputed that MacDonald’s request was timely filed.
Accordingly, the denial of defendant Car Wash Systems’ request for removal to the Superior Court is affirmed. The denial of defendant MacDonald’s request is reversed and vacated. This case is returned to the trial court for the immediate processing of defendant Macdonald’s G.Lc. 231, §104 request.
So ordered.

In violation of G.L.c. 231, §13B, the plaintiffs included in their complaint specific claims for monetary damages. Such claims were also at variance with the amounts set forth in their individual Rule 102A statements. The complaint sought damages for plaintiff Chapian in the amount of $7,000.00 and for plaintiff Zartir in the amount of $13,900.00.

The relevant portion of G.L.C. 231, §104 provides: “Any other party,... may, provided that the amount of the claim against such other party,... exceeds twenty-five thousand dollars, file in the district court in which the action is pending a claim of trial by the superior court together with the fee for the entry of the claim of each plaintiff in the superior court, and,... a bond in the penal sum of one hundred dollars,... Such claim of trial by the superior court must be filed no later than twenty-five days after service of the pleading which asserts the claim,... on which the right to remove is based...”

The statute states, in pertinent part: “A party who would have been entitled to remove the case for trial in the superior court as hereinabove provided but for the fact that the amount of the claim,... does not exceed twenty-five thousand dollars shall, if he desires trial by the superior court, file an entry fee ... and bond within thirty days after notice of the decision or finding.”

Rule 102A of the District and Municipal Court Supplemental Rules of Civil Procedure mandates that a statement of damages be filed with any claim, including a counterclaim, for money damages in a civil action. Rule 102A expressly instructs a clerk-magistrate to refuse to accept for filing any claim or counterclaim which is unaccompanied by the required statement of damages. See Hanlon v. Floridia, 1994 Mass. App. Div. 98.